

**U.S. Department of Justice**

**Federal Bureau of Investigation**

In Reply, Please Refer to
File No.

1961 Stout Street
Room 1823
Denver CO  80294
July 16, 2009

Shimon Kohn, Esq.
2 North Cascade Avenue,
Suite 550
Colorado Springs, CO 80903

      Re: *State of Colorado v. James Cisneros,* 05-CR-1768
           District Court, El Paso County

Dear Mr Kohn:

      This letter is being submitted by the Federal Bureau of Investigation (FBI) in connection with your subpoena *duces tecum* issued to the FBI in the above-referenced matter. The subpoena essentially seeks disclosure of the following: FBI confidential informant files for Robert Rodarte (identified in FBI reporting as "DN-5797"); any reports and audio recordings maintained in an FBI investigative file designated 281D-DN-66929; any Colorado Department of Corrections recordings of incoming or outgoing telephone calls that relate to the investigation designated 281D-DN-66929; and a "rough draft" transcript from electronic surveillance conducted by the FBI on February 14, 2009, in connection with the investigation designated 281D-DN-66929, as well as identification information (i.e., make and model) for the specific electronic surveillance equipment utilized by the FBI on that date.

      It is the position of the FBI that this subpoena, issued in a proceeding where the United States is not a party, is governed by federal regulations set forth at 28 C.F.R. § 16.21 et seq. These regulations provide the FBI with the opportunity to protect information from unwarranted disclosure. The regulations list specific types of demands in response to which disclosure will not be made by the FBI. See 28 C.F.R. § 16.26(b)(1)-(6). For the reasons expressed by the Supreme Court in *United States ex rel. Touhy v. Ragen,* 340 U.S. 462 (1951), the FBI may not be compelled to produce any materials in this state court proceeding nor held in contempt for withholding any materials.

EXHIBIT 3

In accordance with these regulations, and as responsive to the subpoena, the FBI is submitting with this letter the following:

-) All investigative reports from 281D-DN-66929 that reference James Cisneros;

-) Report dated 01/26/2009 that documents information from DN-5797 (Robert Rodarte) regarding James Cisneros;

-) Report of FBI financial authorizations for DN-5797 (Robert Rodarte);

-) Incomplete rough draft transcript of audio electronic surveillance conducted by the FBI;

-) Audio recordings obtained by the FBI from the Colorado Department of Corrections; and

-) All audio/video recordings of electronic surveillance conducted by the FBI in 281D-DN-66929.

It is the FBI's understanding that some of these investigative reports may have already been produced to you during the ongoing discovery process in this matter. Because the documents enclosed with this letter are, in the FBI's view, the only responsive documents producible in this state court proceeding in accordance with the above-cited regulations, they are being provided to you in order to comply with the subpoena.

Apart from the reports submitted here, the remainder of the documents in 281D-DN-66929 and Robert Rodarte's informant file concern matters and ongoing investigations unrelated to the charges against Mr. Cisneros. Release of these records in this state court proceeding is prohibited because such disclosure could interfere with pending operations. See 28 C.F.R. § 16.26(b)(4) and (5). With respect to the make and model of surveillance equipment, the FBI views the electronic surveillance conducted on 02/14/2009 as a sensitive investigative technique. Disclosure of the make and/or model of the equipment utilized could impair the future effectiveness of such technique. See 28 C.F.R § 16.26(b)(5).

This letter and the accompanying enclosures are viewed by the FBI as a complete response to your subpoena. If you have any questions, or wish to raise any challenges, regarding the positions presented by the FBI with respect to the subpoena, please contact the undersigned at (303) 575-7184 by close of business on Monday July 20, 2009. Given the return date on the subpoena, July 23, 2009, this will allow the FBI sufficient time

EXHIBIT 3

to determine whether some other procedure is required here (such as the filing of an objection to the subpoena or a motion to quash).

Sincerely,

Robert J. Goffi
Chief Division Counsel
Federal Bureau of Investigation
Denver Division

cc: AUSA Amy Padden, Esq.
United States Attorney's Office
District of Colorado

Terry Sample, Esq. (w/enclosures)

EXHIBIT 3