Exhibit 7



**U.S. DEPARTMENT OF JUSTICE**

**David M. Gaouette**
Acting United States Attorney
District of Colorado
Civil Division

_1225 Seventeenth Street, Suite 700_
_Seventeenth Street Plaza_          (303) 454-0100
_Denver, Colorado 80202_          (FAX) (303) 454-0404

July 22, 2009

FILED-DISTRICT & COUNTY
COURTS-EL PASO CO., CO

Via Fax, (719) 329-7015
The Honorable Gregory R. Werner
District Court Judge
District Court for El Paso County
270 S. Tejon Street
Colorado Springs, CO 80903

JUL 2 2 2009

**DIVISION 15**

Re:   _People v. James Cisneros_
      Case No. 09 CR 768

Dear Judge Werner:

Attached please find a courtesy copy of a Motion to Quash that was filed today in the above referenced matter, for a subpoena for which the return date is tomorrow at 9 a.m. All counsel were served by fax yesterday afternoon.

Thank you for your assistance in this matter.

Sincerely,

Amy L. Padden
Assistant United States Attorney

Attachment

| | |
|---|---|
| DISTRICT COURT, EL PASO COUNTY, COLORADO<br>270 S. Tejon Street<br>Colorado Springs, Colorado 80903 | |
| THE PEOPLE OF THE STATE OF COLORADO,<br><br>Plaintiff,<br><br>v.<br><br>JAMES CISNEROS,<br><br>Defendant. | |
| Attorneys for Special Agent Robert Goffi:<br>DAVID M. GAOUETTE<br>Acting U.S. Attorney<br>AMY L. PADDEN, 28372*<br>Assistant U.S. Attorney<br>1225 Seventeenth Street, Suite 700<br>Denver, CO 80202<br>(303) 454-0100<br>Fax: (303) 454-0408<br><br>*Counsel of Record | ▲  **COURT USE ONLY**  ▲<br><br>Case No.:   2009CR768 |

## MOTION TO QUASH SUBPOENA DUCES TECUM

COMES NOW the Robert Goffi, Special Agent of the Federal Bureau of Investigations ("FBI"), United States Department of Justice, through the United States Attorney's Office for the District of Colorado, and moves this Court pursuant to Rule 17(c) of the Colorado Rules of Criminal Procedure and Sections 16.21-16.28 of 28 Code of Federal Regulations, for an Order quashing, in part, the subpoena sent to Special Agent Goffi on June 30, 2009. In support of this motion, the FBI and Mr. Goffi aver as follows:

Case 1:09-cv-02912-PAB   Document 61-1   Filed 02/10/10   USDC Colorado   Page 4 of 20

1.     Neither the United States nor the FBI is a party to the above-captioned criminal action.

2.     On or about June 30, 2009, defense counsel sent Robert Goffi a subpoena in the above-captioned matter, requesting the production of certain documents in the possession of the FBI to take place in this Court on July 23, 2009. *See* Subpoena attached hereto as Exhibit 1. That subpoena sought production of the following seven categories of documents from the FBI:

     a.     The "[e]ntire confidential informant (CI) file for Robert Rodarte, DOB 3/12/1965. This subpoena requires that [the] above named agent or agency produce any and all reports involving Mr. Rodarte's participation and/or involvement in any investigation either as a suspect or as a confidential informant, to include any compensation or consideration received by Mr. Rodarte."

     b.     All information in the possession of the FBI regarding confidential informant DN-5797.

     c.     All audio recordings made during the course of the investigation of FBI case number 281-D-DN-66929.

     d.     All reports for FBI case number 281D-DN-66929, including internal agency memos and notes of any internal meetings.

     e.     All phone calls recorded by the Colorado Department of Corrections relating to FBI case number 281D-DN-66929.

  f.  The "[r]ough draft of [any] transcript from [the] DVD from hotel room meeting that took place on 2/14/2009."

  g.  Information that would identify the surveillance equipment that was used by FBI agents in an adjoining hotel room to monitor the activity in a room in which Mr. Rodarte was present.

  3.  The United States Department of Justice, which includes the FBI, has promulgated regulations governing the production of documents by of its federal employees in matters in which the United States is not a party. These are set forth at 28 C.F.R. §§ 16.21-16.28, a copy of which is attached hereto as Exhibit 2. These regulations set forth the conditions under which such employees may testify or provide documents in proceedings such as this.

  4.  On July 16, 2009, the FBI, through Special Agent Goff, issued a letter stating that the FBI would produce the vast majority of the documents requested by the subpoena. *See* attached letter, Exhibit 3. Specifically, the FBI agreed to produce, and has already produced in advance of the subpoena return date, requested documents in its possession relating to the Defendant, James Cisneros.

  5.  As explained in the letter, the FBI objected to the production of documents from the confidential informant, Robert Rodarte's file, that were unrelated to the charges against the Defendant. The reasons that those documents were not produced is that other information in Mr. Rodarte's file relates to other investigations that are still active and ongoing, and thus production of those documents could interfere with the FBI's pending law

enforcement operations. *See* 28 C.F.R. § 16.26(b)(4) and (5). The FBI also objected to disclosing specific information about the surveillance equipment it used on the grounds that the use of that equipment was a sensitive investigation technique and disclosure of that information could impair the future use of that equipment. *See id.* § 16.26(b)(5).

6.     The DOJ regulations cited above amount to a very narrow waiver of the sovereign immunity of the United States. Authority to permit the production of documents by the FBI is strictly limited by the terms of these regulations. The Department of Justice must be able to determine whether the interests favoring disclosure outweigh the interests in avoiding disruptions such as that presented here. The regulations have the force of federal law. *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951). Compliance with a subpoena may not otherwise be compelled in state proceedings. 28 C.F.R. § 16.28; *Boske v. Commingore*, 177 U.S. 459 (1900); *Saunders v. Great Western Sugar Co.*, 396 F.2d 794 (10th Cir. 1968).

6.     For the reasons stated in Exhibit 3, to the extent that the subpoena requests additional documents that the FBI has not yet produced, it must be quashed.

WHEREFORE, the FBI and SA Goffi respectfully request that this Court quash in part the subpoena as set forth above.

the nature of the subpoena proceeding against a federal employee to compel him to testify about information obtained in his official capacity is inherently that of an action against the United States because such a proceeding "interfere(s) with the public administration" and compels the federal agency to act in a manner different from that in which the agency would ordinarily choose to exercise its public function.

*Id.* at 70-71. The court concluded that the sovereign immunity "doctrine . . . precluded the state court [in the absence of appropriate EPA authorization] . . . from exercising jurisdiction to compel [the EPA employee] to testify . . . ." *Id.*

10.    For the reasons stated above and in Exhibit 3, to the extent that the subpoena requests additional documents that the FBI has not yet produced, it must be quashed.

WHEREFORE, the FBI and SA Goffi respectfully request that this Court quash in part the subpoena as set forth above.

DATED: July 21, 2009

DAVID M. GAOUETTE

Acting U.S. Attorney


Amy L. Padden, 28372
Assistant U.S. Attorney

Attorneys for SA Robert Goffi and the FBI

6

# CERTIFICATE OF SERVICE

I hereby certify that on July 21, 2009, I served a copy of the foregoing by fax and U.S. Mail to the following:

Counsel for Plaintiff:

Terry Samples
El Paso District Attorney's Office
105 E. Vermigo
Colorado Springs, CO 80903
Fax: (719) 520-6185

Counsel for Defendant:

Shimon Kohn
2 N. Cascade Avenue, Suite 550
Colorado Springs, CO 80903
Fax: (719) 447-1512

Counsel for the FBI:

Robert Goffi
Chief Division Counsel
1961 Stout Street, Room 1823
Denver, CO 80294
Fax: (303) 575-7185


U.S. Attorney's Office

Case 1:09-cv-02912-PAB    Document 61-1    Filed 02/10/10    USDC Colorado    Page 9 of 20

Exhibit 1

District Court, El Paso County, Colorado
270 South Tejon Street
Colorado Springs, CO  80903

Plaintiff:    The People of the State of Colorado
Defendant:    JAMES CISNEROS

Attorney for Defendant:
Shimon Kohn
SHIMON KOHN, P.C.
2 North Cascade Avenue Suite 550
Colorado Springs, CO 80903
(719) 328-9555
(719) 447-1512 fax
Att. Reg. #31710

▲COURT USE ONLY▲
Case Number: 08CR768
Division 15

## SUBPOENA DUCES TECUM

The People of the State of Colorado:

TO:   SPECIAL AGENT ROBERT GOFFI
      And/or Custodian of Records
      United States Department of Justice
      Federal Bureau of Investigation
      1961 Stout Street, Room 1823
      Denver, Colorado 80294

You are ordered to attend and produce the following documents in Division 15 of the District Court, El Paso County, 270 South Tejon, Colorado Springs, Colorado at 9 a.m. on the 23rd day of July, 2009

Entire confidential informant (CI) file for Robert Rodarte, DOB 3/12/1965. This subpoena requires that above named agent or agency provide any and all reports involving Mr. Rodarte's participation and/or involvement in any investigation either as a suspect or as a confidential informant, to include any compensation or consideration received by Mr. Rodarte.

Any and all information in the possession of the FBI regarding confidential informant DN-5797.

Any and all audio recordings made during the course of the investigation FBI case number 281D-DN-66929, to include all audio recordings between any federal or state agent and Robert Rodarte. Audio tapes are not to be modified, redacted, or altered in any way.

Any and all reports for FBI case number 281D-DN-66929, including any and all internal agency (FBI) memos and notes of any internal meetings.

Any and all Colorado Department of Corrections recorded incoming or outgoing phone calls that involve or relate in any way to FBI case number 281D-DN-66929.

Rough draft of transcript from DVD from hotel room meeting that took place on 2/14/2009.

Provide identification information (manufacturer and model) for any surveillance equipment used by agents in the adjoining hotel room to monitor the activity in Mr. Rodarte's room.

DATED this 29th day of June, 2009.

SHIMON KOHN, P.C.

By: Shimon Kohn, P.C. #31710

Case 1:09-cv-02912-PAB   Document 61-1   Filed 02/10/10   USDC Colorado   Page 12 of 20

**Exhibit 2**

Case 1:09-cv-02912-PAB   Document 61-1   Filed 02/10/10   USDC Colorado   Page 13 of 20

JUL-22-2009 WED 03:54 PM U.S. Attorney's Office   FAX NO.

activities of the government is "important," enough to be made public.

(3) To determine whether the second waiver requirement is met, components will consider the following factors:

(i) The existence and magnitude of a commercial interest: Whether the requester would be furthered by the requested disclosure. Components shall consider any commercial interest of the requester (with reference to the definition of "commercial use" in paragraph (b)(1) of this section), or any person on whose behalf the requester may be acting, that would be furthered by the requested disclosure. Requesters shall be given an opportunity in the administrative process to provide explanatory information regarding this consideration.

(ii) The primary interest in disclosure: Whether any identified commercial interest of the requester is sufficiently large, in comparison with the public interest in disclosure, that disclosure is "primarily in the commercial interest of the requester." A fee waiver or reduction is justified where the public interest standard is satisfied and that public interest is greater in magnitude than that of any identified commercial interest in disclosure. Components ordinarily shall presume that where a news media requester has satisfied the public interest standard, the public interest will be the interest primarily served by disclosure to that requester. Disclosure to data brokers or others who merely compile and market government information for direct economic return shall not be presumed to primarily serve the public interest.

(4) Where only some of the records to be released satisfy the requirements for a waiver of fees, a waiver shall be granted for those records.

(5) Requests for the waiver or reduction of fees should address the factors listed in paragraphs (k)(2) and (3) of this section, insofar as they apply to each request. Components will exercise their discretion to consider the cost-effectiveness of their investment of administrative resources in this decision.

[Order No. 2156-98, 63 FR 29593, June 1, 1998; 64 FR 68386, June 28, 1998; 63 FR 35285, July 1 1998; 63 FR 51661, Sept. 28, 1998]

§ 16.13   Other rights and services.

Nothing in this subpart shall be construed to entitle any person, as of right, to any service or to the disclosure of any record to which such person is not entitled under the FOIA.

Subpart B—Production or Disclosure in Federal and State Proceedings

Source: Order No. 919-80, 45 FR 83210, Dec. 18, 1980, unless otherwise noted.

§ 16.21   Purpose and scope.

(a) This subpart sets forth procedures to be followed with respect to the production or disclosure of any material contained in the files of the Department of Justice, any information relating to material contained in the files of the Department, or any information acquired by any person while the person was an employee of the Department as a part of the performance of that person's official duties or because of that person's official status:

(1) In all federal and state proceedings in which the United States is a party; and

(2) In all federal and state proceedings in which the United States is not a party, including any proceedings in which the Department is represented by the U.S. Attorney for the district, where the issuing authority is a court. The responsible United States Attorney shall follow procedures set forth in § 16.24 and 16.25 of this part.

(b) Wherever a demand is made upon an employee or former employee as described in paragraph (a) of this section, the employee shall immediately notify the U.S. Attorney for the district where the issuing authority is located. The responsible United States Attorney shall follow procedures set forth in this part.

making process, however, in deciding to grant waivers or reductions of fees.

(c) Nothing in this subpart is intended to impede the appropriate disclosure, in the absence of a demand, of information by the Department of a demand, of information by Department law enforcement agencies to state, local and foreign law enforcement agencies, or regulatory agencies.

(d) This subpart is intended only to provide guidance for the internal operations of the Department of Justice, and is not intended to, and does not create, any right or benefit, substantive or procedural, enforceable at law by a party against the United States.

§ 16.22   General prohibition of production or disclosure in Federal and State proceedings in which the United States is not a party.

(a) In any federal or state case or matter in which the United States is not a party, no employee or former employee of the Department of Justice shall, in response to a demand, produce any material contained in the files of the Department, or disclose any information relating to or based upon material contained in the files of the Department, or disclose any information or produce any material acquired as part of the performance of that person's official duties or because of that person's official status without prior approval of the proper Department official in accordance with §§ 16.24 and 16.25 of this part.

(b) Whenever a demand is sought by a subpoena or other judicial or administrative demand in any case or matter in which the United States is not a party, an affidavit, or, if that is not feasible, a statement by the party seeking the testimony or by his attorney, setting forth a summary of the testimony sought and its relevance to the proceeding, must be furnished to the responsible U.S. Attorney. Any authorization for testimony by a present or former employee of the Department shall be limited to the scope of the demand.

(c) When information other than that oral testimony is sought by a demand, the responsible U.S. Attorney shall request a summary of the information sought and its relevance to the proceeding.

§ 16.23   General disclosure authority in Federal and State proceedings in which the United States is a party.

(a) Every attorney in the Department, or Justice in charge of any case or matter in which the United States is a party, is authorized, after consultation with the originating component as defined in § 16.24(a) of this part, to release and furnish to any person, including the actual or prospective witness, a grand jury, counsel, or a court, either during or in preparation of a proceeding, such testimony, and relevant unclassified material, documents or information secured by any attorney, or investigator of the Department, in the course of investigating or defending the case upon an interagency or intra-agency basis, or because it may become necessary or desirable to the disclosure of the attorney's official duties: Provided, Such disclosure is appropriate and not inconsistent with § 16.26(a) of this part: And further provided, That such disclosure is not barred by other material, documents, testimony or judgment, when, in the attorney's judgment, any of the factors specified in § 16.26(b) exists, without the express prior authorization of the Assistant Attorney General in charge of the division responsible for the case or proceeding, the Director or the Executive Office for United States Trustees (hereinafter referred to as "the EOUST"), or such persons designated.

(b) An attorney may seek higher level review at any stage of a proceeding, including presentation of a proceeding of a court order. When the issuance of a court order. When the attorney determines that a factor specified in § 16.26(b) exists or foresees that higher level approval will be required before disclosure of the information and testimony in question, the responsible official, the responsible Assistant Attorney General or the Director of EOUST, or their designees shall follow procedures set forth in § 16.26 of this part.

Case 1:09-cv-02912-PAB   Document 61-1   Filed 02/10/10   USDC Colorado   Page 14 of 20

## § 16.24

(c) If oral testimony is sought by a demand in a case or matter in which the United States is a party, an affidavit, or, if that is not feasible, a statement by the party seeking the testimony or by the party's attorney setting forth, a summary of the testimony sought must be furnished to the Department attorney handling the case or matter.

### § 16.24 Procedure in the event of a demand where disclosure is not otherwise authorized.

(a) Whenever a matter is referred under § 16.23 of this part to a U.S. Attorney or, under § 16.23 of this part, to an Assistant Attorney General, the Director of the EOUST, or their designees (hereinafter collectively referred to as the "originating component"), the Director of the EOUST, or their designees shall immediately advise the responsible official in charge of the bureau, division, office, or other organization of the Department that is responsible for the collection, assembly, or other preparation of the material demanded (or that, if it was demanded, acquired the information in question, employed such person (hereinafter collectively referred to as the "responsible official"), or that responsible official is also responsible in charge of the originating component, he may perform all functions that this regulation vests in the originating component.

(b) The responsible official, pursuant to the terms of paragraph (c) of this section, may authorize the appearance and testimony of a present or former Department employee, or the production of material from Department files if:

(1) There is no objection after inquiry of the originating component;

(2) The demanded disclosure, in the judgment of the responsible official, is appropriate under the factors specified in § 16.26(a) of this part; and

(3) None of the factors specified in § 16.26(b) of this part exist with respect to the demanded disclosure, that is, the Department policy would not be violated by the demanded disclosure.

(c) It is Department policy that the demanded disclosure shall, following any necessary consultation with the originating component, be authorized, personally or by a designated official, if the EOUST concerning the demand.

---

## 28 CFR Ch. I (7-1-08 Edition)

mony by a present or former employee or disclosure of or the production of material from Department files without material, or authorization from Department, which, through testimony or documents, considerations or the scope of testimony whenever possible: Provided, That, in any action or informaction is collected, assembled, or prepared in connection with litigation or an investigation supervised by a division or an investigation supervised by the EOUST: the Department attorney or by the EOUST, the Assistant Attorney General in charge of each division or the Director, of the EOUST may require that the originating component obtain the division's or the EOUST's approval before authorizing a responsible official to disclose such information. Prior to authorizing such testimony or production of records, the responsible official shall, through negotiation and, if necessary, appropriate motions, seek to limit the demand to information, the disclosure of which would not be inconsistent with the considerations specified in § 16.26 of this part.

(1)(i) If, in a case in which the United States is not a party, if the responsible component disagrees with respect to the appropriateness of demanded testimony or production of material demanded or in connection, they agree that such disclosure, or if they shall determine that the demand in connection with or prepared in connection with an investigation or an investigation supervised by a division of the Department shall notify the Director of the EOUST, If so, the U.S. Attorney shall take all appropriate steps to limit the scope or obtain the withdrawal of the demand.

(c) In a case in which the United States is a party, if the Assistant Attorney General or the Director of the EOUST responsible for the case or matter, or such designee, are authorized, (1) after consultation with the originating component, to exercise the authorities specified in paragraph (b) of this section, and (2) through the collected, assembled, or prepared in connection with litigation or an investigation supervised by a division of the Department, that was collected, assembled, or prepared in connection with litigation or an investigation supervised by the EOUST, the responsible official shall notify the other division of the Department, or if two the EOUST concerning the demand.

---

## Department of Justice

## § 16.25

litigating units of the Department are causing a disclosure, a disagreement concerning the disclosure, the disclosure of which, through testimony or documents, considerations or the attorneys. Generally, the division division in disagreement, the responsible official in charge of the division or the Division of the two divisions in disagreement, the appropriate Assistant Attorney General, or the appropriate Assistant Attorney General, may refer the matter to the Deputy or Associate Attorney General, as indicated in § 16.25(b) of this part.

(f) In any case or matter in which the responsible official and the originating component agree that it would not be appropriate to authorize testimony or other information, they shall notify the demanded party. If, even then, no demanded party resolution to the demand, the responsible component, EOUST shall refer to the responsible official make the determination that would make the determination in fact, may make the demand for testimony or information in such a case does not involve information that was collected, assembled, or prepared in connection with litigation or an investigation supervised by a division of this Department, or the originating component shall decide whether disclosure is appropriate, except that, when especially significant issues are involved, the responsible official at this Department may refer the matter to the Deputy or Associate Attorney General and proceed in accordance with the Attorney General, as indicated in § 16.25 of this part, if the originating component, including any representation that it would make in court. After taking all appropriate steps to limit the scope or obtain the withdrawal of a demand, the responsible Deputy or Associate Attorney General, as indicated in § 16.25 of this part.

(g) In any case or matter in which the Attorney General is personally involved or in the claim of privilege, the responsible official may consult, if the responsible official and the Assistant Attorney General are unable to agree, the matter shall, with the demand, if directed to do so by a court, or if required to do so by any provision of law, the Attorney General, or the designee of an Assistant Attorney General who is within the general supervision or who is referred under § 16.24 to the Deputy or Associate Attorney General, shall in all other cases be referred to the Deputy Attorney General and proceed in accordance with the demand.

### § 16.25 Final action by the Deputy or Associate Attorney General.

(a) Unless otherwise indicated, all matters to be referred under § 16.24 by an Assistant Attorney General or the Director of the EOUST, or such person's designee, are authorized, (1) after consultation with the originating matter referred personally by or through the designee of an Assistant Attorney General who is within the general supervision of an Assistant Attorney General, or (2) in all cases referred under § 16.24 to the Deputy or Associate Attorney General, shall be referred to the Deputy Attorney General, if the originating component is within the supervision of the Deputy Attorney.

**§ 16.26**

General or is an independent agency that, for administrative purposes, should be made pursuant to a demand.

(a) In deciding whether to make disclosures pursuant to a demand, Department officials and attorneys should consider:

(1) Whether such disclosure is appropriate under the rules of procedure governing the case or matter in which the demand arose, or other relevant substantive law concerning privilege.

(2) Whether disclosure is appropriate under the relevant substantive law concerning privilege.

(3) Among the demands in response to which disclosure will not be made by any Department official are those demands with respect to which any of the following factors exist:

(i) Disclosure would violate a statute, such as the income tax laws, 26 U.S.C. 6103 and 7213, or a rule of procedure, such as the grand jury secrecy rule, F.R.C.P. Rule 6(e).

(2) Disclosure would violate a specific regulation.

(3) Disclosure would reveal classified information, unless appropriately declassified by the originating agency.

(4) Disclosure would reveal a confidential source or informant, unless the investigative agency and the source or informant have no objection.

(5) Disclosure would reveal investigatory records compiled for law enforcement purposes, and would interfere with enforcement proceedings or disclose investigative techniques and procedures the effectiveness of which would thereby be impaired.

(6) Disclosure would improperly reveal trade secrets without the owner's consent.

(c) In all cases not involving consid-

§ 16.26  Considerations in determining whether production or disclosure should be made pursuant to a demand.

closures pursuant to a demand, disclosure should not be made if disclosure would reveal the identity of a confidential source, or if disclosure would compromise a pending investigation.

(b) Among the demands in response to which disclosure will not be made by any Department official are those demands with respect to which any of the following factors exist:

(i) The seriousness of the violation or crime involved.

(2) The past history or criminal record of the violator or accused.

(3) The importance of the relief sought.

(4) The importance of the legal issues presented.

(5) Other matters brought to the attention of the Deputy or Associate Attorney General.

§ 16.27  Procedures in the event a decision concerning a demand is not made prior to the time a response to the demand is required.

If response to a demand is required before the instructions from the appropriate Department official are received, the responsible official shall appear and, if necessary, furnish the court or other authority with a copy of this subpart and inform the court that the demand has been or is being, as the case may be, referred for the prompt consideration of the appropriate Department officer...

**Department of Justice**

and shall respectfully request the court or authority to stay the demand pending receipt of the requested instructions.

§ 16.28  Procedure in the event of an adverse ruling.

If the court or other authority declines to stay the effect of the demand in response to a request made in accordance with § 16.27 of this chapter pending receipt of instructions, or if the court or other authority rules that the demand must be complied with irrespective of instructions not to produce the material or disclose the information sought, the employee or former employee upon whom the demand has been made shall, if so directed by the responsible Department official, respectfully decline to comply with the demand. See United States v. Touhy v. Ragen, 340 U.S. 462 (1951).

§ 16.29  Delegation by Assistant Attorneys General.

With respect to any function that this subpart permits the designee of an Assistant Attorney General to perform, the Assistant Attorney General is authorized to delegate the authority to any case or matter or any category of cases or matters, to subordinate division officials or U.S. attorneys, as appropriate.

**APPENDIX TO SUBPART B OF PART 16—REDELEGATION OF AUTHORITY TO THE DEPUTY ASSISTANT ATTORNEY GENERAL, LITIGATION, ANTITRUST DIVISION, TO AUTHORIZE PRODUCTION OR DISCLOSURE OF MATERIAL OR INFORMATION**

1  By virtue of the authority vested in me by 28 CFR 16.25(b)(1) the authority delegated to me by this section is authorized the production of material and disclosure of information described in 28 CFR 16.24a is hereby delegated to the Deputy Assistant Attorney General for Litigation, Antitrust Division...

This directive shall become effective on the date of its publication in the FEDERAL REGISTER.

[Order No. 905–H, 46 FR 52356, Oct. 27, 1981]

**Subpart C—Production of FBI Identification Records in Response to Written Requests by Subject Thereof**

SOURCE: Order No. 556–73, 38 FR 32806, Nov. 24, 1973, unless otherwise noted.

§ 16.30  Purpose and scope.

This subpart contains the regulations of the Federal Bureau of Investigation (FBI) concerning procedures to be followed when the subject of an identification record requests production of that record.

[Order No. 556–73, 38 FR 32806, Sept. 24, 1973]

§ 16.31  Definition of identification record.

An FBI identification record, often referred to as a "rap sheet," is a listing of certain information taken from fingerprint submissions retained by the FBI in connection with arrests and, in some instances, includes information taken from fingerprints submitted in connection with federal employment, naturalization, or military service. The identification record includes the name of the agency or institution that submitted the fingerprints to the FBI. If the subject of an identification record... includes the date of arrest, or the individual was received or the data of the disposition of the charge, and the disposition of the arrest, if known to the FBI. All submissions obtained in an identification record are obtained from fingerprint submissions, disposal from reports, and other reports submitted by agencies having criminal justice responsibilities. Therefore, the FBI Criminal Justice Information Services Division is not the source of the arrest data reflected on an identification record.

[Order No. 2253–99, 64 FR 52226, Sept. 28, 1999]

§ 16.32  Procedure to obtain an identification record.

The subject of an identification record may obtain a copy thereof by submitting a written request to the U.S. mails directly to the FBI, Crimi-

Exhibit 3



**U.S. Department of Justice**

Federal Bureau of Investigation

In Reply, Please Refer to
File No.

1961 Stout Street
Room 1823
Denver CO  80294
July 16, 2009

Shimon Kohn, Esq.
2 North Cascade Avenue,
Suite 550
Colorado Springs, CO 80903

Re: *State of Colorado v. James Cisneros*, 05-CR-1768
District Court, El Paso County

Dear Mr Kohn:

This letter is being submitted by the Federal Bureau of Investigation (FBI) in connection with your subpoena *duces tecum* issued to the FBI in the above-referenced matter. The subpoena essentially seeks disclosure of the following: FBI confidential informant files for Robert Rodarte (identified in FBI reporting as "DN-5797"); any reports and audio recordings maintained in an FBI investigative file designated 281D-DN-66929; any Colorado Department of Corrections recordings of incoming or outgoing telephone calls that relate to the investigation designated 281D-DN-66929; and a "rough draft" transcript from electronic surveillance conducted by the FBI on February 14, 2009, in connection with the investigation designated 281D-DN-66929, as well as identification information (i.e., make and model) for the specific electronic surveillance equipment utilized by the FBI on that date.

It is the position of the FBI that this subpoena, issued in a proceeding where the United States is not a party, is governed by federal regulations set forth at 28 C.F.R. § 16.21 et seq. These regulations provide the FBI with the opportunity to protect information from unwarranted disclosure. The regulations list specific types of demands in response to which disclosure will not be made by the FBI. *See* 28 C.F.R. § 16.26(b)(1)-(5). For the reasons expressed by the Supreme Court in *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951), the FBI may not be compelled to produce any materials in this state court proceeding nor held in contempt for withholding any materials.

In accordance with these regulations, and as responsive to the subpoena, the FBI is submitting with this letter the following:

-) All investigative reports from 281D-DN-66929 that reference James Cisneros;

-) Report dated 01/26/2009 that documents information from DN-5797 (Robert Rodarte) regarding James Cisneros;

-) Report of FBI financial authorizations for DN-5797 (Robert Rodarte);

-) Incomplete rough draft transcript of audio electronic surveillance conducted by the FBI;

-) Audio recordings obtained by the FBI from the Colorado Department of Corrections; and

-) All audio/video recordings of electronic surveillance conducted by the FBI in 281D-DN-66929.

It is the FBI's understanding that some of these investigative reports may have already been produced to you during the ongoing discovery process in this matter. Because the documents enclosed with this letter are, in the FBI's view, the only responsive documents producible in this state court proceeding in accordance with the above-cited regulations, they are being provided to you in order to comply with the subpoena.

Apart from the reports submitted here, the remainder of the documents in 281D-DN-66929 and Robert Rodarte's informant file concern matters and ongoing investigations unrelated to the charges against Mr. Cisneros. Release of these records in this state court proceeding is prohibited because such disclosure could interfere with pending operations. See 28 C.F.R. § 16.26(b)(4) and (5). With respect to the make and model of surveillance equipment, the FBI views the electronic surveillance conducted on 02/14/2009 as a sensitive investigative technique. Disclosure of the make and/or model of the equipment utilized could impair the future effectiveness of such technique. See 28 C.F.R § 16.26(b)(5).

This letter and the accompanying enclosures are viewed by the FBI as a complete response to your subpoena. If you have any questions, or wish to raise any challenges, regarding the positions presented by the FBI with respect to the subpoena, please contact the undersigned at (303) 575-7184 by close of business on Monday July 20, 2009. Given the return date on the subpoena, July 23, 2009, this will allow the FBI sufficient time

2

to determine whether some other procedure is required here (such as the filing of an objection to the subpoena or a motion to quash).

Sincerely,

Robert J. Goff
Chief Division Counsel
Federal Bureau of Investigation
Denver Division

cc: AUSA Amy Padden, Esq.
United States Attorney's Office
District of Colorado

Terry Sample, Esq. (w/enclosures)



U.S. Department of Justice

Troy A. Eid
United States Attorney
District of Colorado
Civil Division

1225 Seventeenth Street, Suite 700 (303) 454-0200
Seventeenth Street Plaza        (FAX) (303) 454-0408
Denver, Colorado  80202

# FACSIMILE COVER SHEET

**DATE** _____ July 22, 2009 _____

**PAGES TRANSMITTED** ___ ( Including this cover sheet)

**SENSITIVITY LEVEL**: ____Sensitive __Limited Official Use ____Unclassified

**TO** __ Honorable Gregory Werner _____

**FAX NUMBER** __ 1-719-329-7015 _____

**FROM**: Dequesa Martinez, Legal Assistant for the United States Attorney

**SUBJECT/COMMENTS -**

Case:                 *People v. James Cisneros*
Case No:              09-CR-768

Re:

Notes:

**The information contained in this facsimile message is attorney privileged and confidential information intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone, and return the original message to us at the above address via the U.S. Postal Service.**