Exhibit 11

ORIGINAL

| | |
|---|---|
| District Court<br>El Paso County, Colorado<br>270 South Tejon Street<br>Colorado Springs, CO 80903 | FILED IN THE DISTRICT AND<br>COUNTY COURT<br>EL PASO COUNTY, COLORADO<br>SEP 1 2009<br>M.V. PERRY<br>CLERK OF COURT |
| **PEOPLE OF THE STATE OF COLORADO,**<br>Plaintiff,<br><br>v.<br><br>**JAMES CISNEROS,** Defendant. | ▲     ▲<br>**COURT USE ONLY** |
| Shimon Kohn, Esq.<br>Attorney for Plaintiff<br>2 N. Cascade Ave., Suite 550<br>Colorado Springs, CO 80903<br>(719) 328-9555<br>(fax) 447-1512<br>email: SKohn@kohndefense.com | Case Number: 09CR768<br><br>Div:: 15     Ctm. |
| **DEFENDANT'S RESPONSE TO SUPPLEMENT TO MOTION TO QUASH SUBPOENA *DUCES TECUM*** | |

COMES NOW the Defendant, JAMES CISNEROS, by and through his attorney, Shimon Kohn, and responds to the People's Supplement to Motion To Quash Subpoena *Duces Tecum* as follows:

1.  On July 21, 2009, the United States Attorney for the District of Colorado, on behalf of the United States Justice Department, filed a Motion to Quash Defendant's subpoena *duces tecum* served on Special Agent Robert Goffi, which subpoena requested the disclosure of certain information in the possession of Special Agent Goffi and the United States government.

On July 23, 2009, this Court entered various orders with respect to the disclosure of most information requested; however, the Court reserved ruling on one specific request, that being "information to identify the surveillance equipment that was

Copy to Division

used by FBI agents in an adjoining hotel room to monitor the activity in a room in which Mr. Rodarte was present," until the parties submitted supplemental authority and argument on the issue.

On August 13, 2009, the government filed its Supplement to Motion To Quash Subpoena *Duces Tecum.*

2. The government continues to argue that the information requested involves "a sensitive investigative technique and disclosure could impair the future use of that equipment" without demonstrating how the information fits that definition and/or how its future use could be impaired. In its initial Motion To Quash, the government simply cited federal regulatory provisions governing the production of information by federal agents as rendering the requested information non-discoverable. See, *United States ex. rel. Touly v. Ragen*, 340 U.S. 462 (1951).

The Supplement to its Motion To Quash simply reiterates this same argument without adding anything new to the inquiry at hand. Defendant Cisneros' position is simply this: even if the requested information falls within the definition of protected information under federal law, it may be ordered disclosed if the defense demonstrates a sufficient need for same in order to uphold Defendant's constitutional rights to adequately defense the charges against him in this case.

3. At the hearing before this Court on July 23, 2009, the government proffered the scenario where disclosure of the identification information of the surveillance equipment in question could allow future targeted suspects to employ methods to interfere with (e.g. scramble) the electronic transmission of the surveillance equipment. Counsel for the People also raised, for the first time, that the audio

monitoring equipment was not used because of the concern that it would somehow alert the suspects through electronic feedback. However, the government continues to fail or refuse to show how same would even be a valid concern as a factual matter. No affidavit from an expert or other showing is even attempted despite this Court's raising of same as a considerations in the analysis.

4.  The Defendant would concede that he has the burden to establish sufficient need for the information as weighed against the government's interest in See, *Collins v. Shearson/American Express, Inc.*, 112 F.R.D. 227 (D.D.C. 1986). The prosecution cites *Collins* in favor of its position. But in *Collins* the government made a strong showing that the defense made only a vague showing of need, and it did not avail itself of readily-available alternate sources of the information it sought. This Court's commentary on July 23, 2009, with respect to its understanding of Defendant Cisneros' need for the requested information to properly defend the within charges is a fair description of Defendant's position in this matter:

> I am guessing that Mr Kohn [defense counsel] may intend to argue that Mr. Rodarte is the one that set all this up. He had to goad them into it. He suggested that they need to get even with this guy for the robbery that occurred some months earlier. I forget what it was. I think it was in October, something like that. All of this went and took place in the hotel room. And what we have from TFO Richardson is that there was not contemporaneous monitoring of the equipment because of either missing headphones or speakers or something.
>
> \*   \*   \*
>
> The argument from Mr. Kohn is going to be, 'Well, this is entrapment. And, look, they didn't even monitor. Even though the equipment would help them to monitor, they didn't even monitor this or they did monitor it and they didn't do anything about it.'

Tr., July 23, 2009, p. 41, ll. 15-23; p. 42, ll. 12-16.

This Court then outlines the government's purported reasoning for the lack of use

3

of equipment to monitor the next-room discussion, that being the concern that use of monitoring equipment such as speakers or headphones would cause feedback that could alert the targeted suspects to the surveillance or other suspicious activity. The Court is correct in then proffering the Defendant's specific needs for the information as necessary to determine whether the use of the headphones or other equipment to contemporaneously monitor the audio transmissions from the adjacent room could possibly cause feedback or other alerting problems for law enforcement and, if not, was such equipment readily available to utilize. Tr. p. 42, ll. 17-25; p. 43, ll. 1-4.

4. The government's supplement simply does not address the issues raise by the defense and reiterated by this Court in its on-the-record analysis of the issue and the competing interests involved. The government simply re-argues that the information is protected by federal law from disclosure and the defense has the ability to raise the issues as to the reasoning for the lack of use of contemporaneous monitoring in its case in chief at trial through cross-examination. See, paragraph 8 of the Supplement to Motion To Quash.[1]

5. The government's citation of the *Van Horn* case as being very similar in circumstances to those before the Court in this matter and supports its position here is simply incorrect. The information in *Van Horn* involved the potential disclosure of the precise <u>location</u> of the electronic surveillance equipment in question, something law enforcement wanted to keep secret because of the on-going nature of the

---

[1] This Court voiced its disagreement with the prosecution suggestion that defense counsel could simply ask these questions of the FBI agent during cross-examination at trial by stating, "[Except] he's stuck with whatever answer he gets which he is – that's not right. I don't believe that passes constitutional muster either." Tr. p. 44, ll. 6-8. Indeed this is wholly unlike the alternative available to the defense in *Collins*, where the defense had assess to similar testimony in transcripts of testimony other than those it sought from the federal government in the defendant's last-minute discovery requests.

4

investigation. The location of the equipment would have compromised that and future surveillances for obvious reasons.

The disclosure of the information in this case would do nothing of the kind, and the government's continued failure to put forth reasons why the disclosure of the information sought in this case would impair this or any other investigation, other than simply reiterating the generalized argument that the information is sensitive and should be protected, does not meet or overcome the Defendant's demonstration of need.

The defense in *Van Horn* simply did not show sufficient need. The defense contention was that voices being monitored (and recorded) could have been distorted because of the placement of the microphone and which, therefore, could have resulted in misidentification of the voices. Unlike here where the government has taken no steps to answer the inquiries raised by the defense and summarized by this Court, the trial court in *Van Horn* received and reviewed *in camera* the actual surveillance tape recordings and found there was no distortion and the voices could readily be distinguished.

6. Indeed, the whole point of the issue before the Court in this case is whether or not the FBI could have, and therefore should have, used whatever methods were available to it to monitor the audio (voice) evidence in this case. Had it done so, not only would the commission of a very serious crime by the government's own agent been prevented, there would be evidence available to either prevent injustice in the wrongful conviction of the Defendant in this matter or assist in his prosecution.

7. It is Defendant Cisneros' position that if the government will not or cannot

provide technical answers to the questions the defense intends to discover through the receipt of the make and model of the surveillance equipment in question, then its interest in having the information remain undisclosed, even if deemed "sensitive investigative information," is simply nonexistent or slight and the Defendant's constitutional right to prepare an adequate defense in this matter far outweighs same.

8. The Court should order the disclosure of the requested information accordingly.

WHEREFORE, the Defendant prays for this Court's Order as herein above requested, and for such other and further relief as the Court deems appropriate.

_____
Shimon Kohn, #31710
Attorney for Defendant
2 N. cascade Ave., Suite 550
Colorado Springs, CO 80903
(719) 328-9555

## CERTIFICATE OF MAILING

I hereby certify that on the 1st day of September, 2009, a true and correct copy of the foregoing RESPONSE was placed in the U.S. mail, postage prepaid, and addressed to the following:

Office of the District Attorney
ATTN: DDA SAMPLE
105 East Vermijo
Colorado Springs, CO 80903

Robert Goffi
Chief Division Counsel
1961 Stout Street, Rm 1823
Denver, CO 80294

Amy L. Padden
Assistant U.S. Attorney
1225 Seventeenth St., Suite 700
Denver, CO 80202

*[signature]*
Jennifer Rees