Exhibit 19

**ORIGINAL**

| | |
|---|---|
| ☐ Small Claims  ☐ County Court  ☒ District Court<br>☐ Probate Court  ☐ Juvenile Court  ☐ Water Court<br>El Paso County, State of Colorado<br>Court Address:   270 South Tejon<br>P.O. Box 298 Colorado Springs CO 80903-2203 | FILED IN THE DISTRICT AND<br>COUNTY<br>EL PASO COUNTY, COLORADO<br><br>NOV 13 2009 |
| STATE OF COLORADO,       PLAINTIFF,<br><br>VS.<br><br>ROBERT RAY RODARTE       DEFENDANT. | ▲ COURT USE ONLY ▲ |
| Attorney<br>CYNTHIA MCKEDY<br>ANAYA, FOLEY & McKEDY, P.C.<br>615 South Weber Street<br>COLORADO SPRINGS, CO 80903<br>Phone Number: (719)227-0007<br>FAX Number:   (719)473-7148<br>E-mail: mckedy@springscriminallaw.com<br>Atty. Reg. #: 27409 | Case Numbers:<br>09CR753<br><br>Div.: 15  Ctrm: |
| **MOTION IN SUPPORT OF SUBPOENA DUECES TECUM FOR DOCUMENTATION SUPPORTING APPROVAL OF ROBERT RODARTE TO WORK AS A CONFIDENTIAL INFORMANT AND THE POLICY AND PROCEDURE GUIDELINES TO PERMIT A COLORADO PAROLEE TO WORK AS A CONFIDENTIAL INFORMANT** ||

COMES NOW, Robert Rodarte, by and through his attorneys, Cynthia McKedy and Eric Anaya and files this motion in support of subpoena deuces tecum for documentation supporting approval of Robert Rodarte to work as a confidential informant and the policy and procedure guidelines to permit a Colorado parolee to work as a confidential informant as grounds therefore states the following:

1. Counsel for Mr. Rodarte has issued a Subpoena Deuces Tecum to the Colorado Department of Adult Parole for the Policy and Procedures governing the use of a Colorado Parolee as a Confidential Informant. Counsel has also subpoenaed any documentation pertaining to the specific approval of Robert Rodarte to work as a confidential informant.

2. During the investigation of Mr. Rodarte's case Counsel has become aware through speaking to officials in Parole at the Colorado Department Parole, that Parole officials were not aware that Mr. Rodarte's was being utilized as a confidential informant/human source for activities in Colorado Springs. Furthermore, Parole officials have indicated that there where made aware of Mr. Rodarte's activities in another state after the fact. Parole officials indicate that there is a letter in Mr. Rodarte's Parole file indicating the Parole Department's knowledge of the other state activity after the FBI/Task Force utilized Mr. Rodarte in another state.

3. Counsel has obtained limited information about the procedures that must be followed to allow a parolee to work as a confidential informant. Complete documentation regarding these procedures is required as to not misrepresent any information to the Court and/or the jury in this matter.

4. Counsel has been informed that the policy and procedures were not followed with regard to Mr. Rodarte and the Colorado Department of Parole did not approve Mr. Rodarte to work as a Confidential Informant.

5. Counsel has reviewed the testimony of TFO Richardson's testimony in the April 23, 2009 Preliminary hearing of codefendant Frankie Salazar 09CR748. In that testimony, TFO Richardson indicates, under oath, that the Colorado Department of Parole knew of Mr. Rodarte's involvement with the FBI and Safe Streets Task Force. TFO Richardson states in response to a question

about the Department of Parole's knowledge of Mr. Rodarte working for the government in this investigation, "We are working on that issue. They knew what was going on. We had approval to work with him, yes. Specifically, with regard to the Department Parole's knowledge he state, "They knew he was doing illegal activity for us." *See attached transcript for April 23, 2009 Preliminary Hearing in 09CR748, page 14, lines 2 through 24.*

6. TFO Richardson's testimony directly contradicts the information counsel has been to obtain through the defense investigation.

7. It is expected that TFO Richardson will testify at trial as he did in the Preliminary Hearing. It is presumed the District Attorney will rely heavily on TFO Richardson's testimony during Mr. Rodarte's trial. TFO Richardson's credibility should not be presumed and should be subject to cross examination. The sought after documentation is highly relevant to allow the Court and/or the jury to determine the credibility of TFO Richardson. Not only is this information relevant to impeach the credibility of TFO Richardson, it goes directly to Mr. Rodarte's defense.

WHEREFORE as Counsel has been able to obtain information that up to this point directly contradicts the sworn testimony of TFO Richardson it is imperative to Mr. Rodarte's defense that the official records be released in this matter to allow him to have a fair trial.

Mr. Rodarte makes this motion pursuant to the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution; Article II, Sections 7,16, and 25 of the Colorado Constitution; and the Colorado Rules of Criminal Procedure.

Submitted by,

Cynthia McKedy, P.C. 27409

## CERTIFICATE OF SERVICE

I, herby certify that I have sent the Motion In Support of Subpoena Dueces Tecum and U.S. Mail, postage prepaid on the 12th day of November, 2009, to:

DDA Jennifer Viehman, DDA Terry Sample
District Attorney's Office
105 E. Vermijo
Colorado Springs, CO 80903

1  dealing with guns?
2      A.   We were working on that issue.  They knew what was
3  going on.  We had approval to work with him, yes.
4      Q.   So to be clear, he didn't yet have permission but
5  that was being worked on?
6      A.   They knew he was doing illegal activity for us.  They
7  knew if he obtained any illegal weapons, they were going to be
8  turned over immediately.  He can't possess them, other than
9  retrieving them and turning them over.
10     Q.   Were there any limitations to your investigation
11 based on his parole status?
12          MS. SAMPLE:  Objection to relevance.
13          THE COURT:  Sustained.
14     Q.   (BY MS. ANKENY)  Did he have permission to be around
15 drugs?
16     A.   To be around them, yes.
17     Q.   Did he have permission to be in possession of drugs?
18     A.   As long as he turned them over, yes.
19     Q.   Did he have permission to associate with other
20 felons?
21     A.   Yes.
22     Q.   Did he have permission to associate with other felons
23 who were currently on parole?
24     A.   Yes.
25     Q.   You conducted a debrief with Mr. Rodarte on