Exhibit 20

ORIGINAL

| | |
|---|---|
| ☐ Small Claims  ☐ County Court  ☒ District Court<br>☐ Probate Court  ☐ Juvenile Court  ☐ Water Court<br>El Paso County, State of Colorado<br>Court Address:    270 South Tejon<br>P.O. Box 298 Colorado Springs CO 80903-2203 | FILED IN THE DISTRICT AND<br>COUNTY COURTS OF<br>EL PASO COUNTY, COLORADO<br><br>NOV 13 2009<br><br>M.V. PERRY<br>CLERK OF COURT |
| STATE OF COLORADO,          PLAINTIFF<br><br>V.<br><br>ROBERT RAY RODARTE         DEFENDANT. | ▲  COURT USE ONLY  ▲ |
| Attorney<br>CYNTHIA MCKEDY<br>ANAYA, FOLEY & McKEDY, P.C.<br>615 South Weber Street<br>COLORADO SPRINGS, CO  80903<br>Phone Number:  (719)475-1882<br>FAX Number:    (719)473-7148<br>E-mail: mckedycynthia@quest.net<br>Atty. Reg. #: 27409 | Case Numbers:<br>09CR753<br><br>Div.: 15  Ctrm: |

**MOTION FOR RECONSIDERATION OF THE COURT'S PRIOR RULING REGARDING THE RELEASE OF THE BODY RECORDER OR THE OPERATING INFORMATION REGARDING THE BODY RECORDER**

COMES NOW, Robert Rodarte, by and through his attorneys, Cynthia McKedy and Eric Anaya and moves this Court to reconsider the prior ruling regarding the release of the body recorder and/or the operating information regarding the body recorder and as grounds therefore states the following:

1. On September 24, 2009 Counsel for Mr. Rodarte argued pursuant to a Subpoena Deuces Tecum issued to the FBI that the actual body recorder and/or its operation information be released to the defense.

2. The Court prohibited the release of the body recorder or its operational information, but ruled that the defense could discuss the recorder with an expert.

3. It is and has been Mr. Rodarte's position that the recording device was capable of producing "live" transmission of information to the FBI or the Task Force agents that were monitoring the operation.

4. It has been impossible for the defense to engage an expert in any type of meaningful discussion involving the device because counsel has absolutely no information about the device except for how it was concealed. Counsel has consulted with a former FBI agent, who is now employed as a private investigator, who expressed his disbelief that the device was not capable of transmitting information, but without knowing more about the device he could not provide any more information or insight.

5. It appears the prosecution as well as the FBI/Task Force is maintaining the position that the device was merely a recorder and not capable of live broadcast transmission.

6. Counsel for Mr. Rodarte finds it unfathomable that a Confidential Human Source was allowed to infiltrate a dangerous gang who were known to carry weapons and were seeking retaliation for injuries suffered by Mr. Salazar and he was wearing a device that could not be contemporaneously monitored by the FBI. Additionally, Counsel believes the device had to be capable of transmission as Mr. Rodarte was asked if Mr. Rodarte thought the people he was infiltrating had equipment capable of picking up a listening device signal.

7. Without more specific information regarding the Body Recorder Mr. Rodarte cannot adequately prepare his defense in this case. This information is potentially exculpatory evidence that would negate the required "mens rea" alleged in this case and should be produced pursuant to the standards set forth in *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194 (1963).

8. If the Court maintains the prior ruling denying the release of the recorder, the Defense is requesting that the information regarding the device model and manufacturer information be released under a Protective Oder so that Counsel can inquire directly of the manufacture about the device's ability to broadcast "live."

9. Without any of this information the Defense is left with "taking the word" of the investigating law enforcement officials in this matter. It is the position of the Defense that law enforcement may be less than truthful in this matter as they know we have no way to impeach their answers.

10. Counsel is aware of the Court's prior ruling based on the current case law regarding listening devices, however Mr. Rodarte cannot prepare for his defense without this information.

11. If the Court again denies the release of this information, Counsel would requests that the Court be provided the information regarding the listening device and it ability or inability to transmit information.

Mr. Rodarte makes this motion pursuant to the Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution; Article II, Sections 7,16, and 25 of the Colorado Constitution; and the Colorado Rules of Criminal Procedure.

Submitted by,

_____
Cynthia McKedy, P.C. 27409

## CERTIFICATE OF SERVICE

I, herby certify that I have sent the Motion for Reconsideration of the Court's Prior Ruling Regarding the Release of the Body Recorder or the Operating information Regarding the Body Recorder via U.S. Mail, postage prepaid on the 12th day of November, 2009, to:

DDA Jennifer Viehman, DDA Terry Sample
District Attorney's Office
105 E. Vermijo
Colorado Springs, CO 80903

_____