Exhibit 27

```
 1   DISTRICT COURT
     EL PASO COUNTY, COLORADO
 2   270 South Tejon
     Colorado Springs, CO 80903
 3

 4   PEOPLE OF THE STATE OF COLORADO

 5   vs.

 6   JAMES CISNEROS

 7   Defendant:

 8                                      * FOR COURT USE ONLY *

 9
                                        Case No. 09 CR 768
10                                      Division 15

11   APPEARANCES:

12   MS. JENNIFER VIEHMAN, Reg. No. 33163
     For the People
13
     MR. ROBERT GOFFI, FBI, Reg. No. 15012
14
     MR. SHIMON KOHN, Reg. No. 31710
15   For the Defendant, James Cisneros

16   MS. CYNTHIA A. MCKEDY, Reg. No. 27409 and
     MR. ERIC ANAYA, Reg. No. 35203
17   MR. DAVID FOLEY, Reg. No. 30252
     For the Defendant, Robert Rodarte
18
     MS. PAT BEHAN, Reg. No. 15893 and
19   MS. CHARLOTTE ANKENY, Reg. No. 37861
     For the Defendant, Frankie Salazar
20
     MS. VICTORIA RINGLER, Reg. No.30727
21   For the Defendant, Jose Salazar

22                  REPORTER'S TRANSCRIPT

23         The following proceedings were held November 24,

24   2009, before the HONORABLE GREGORY WERNER, Judge of the

25   District Court.
```

1           THE COURT:  The Court will call 09 CR 753, People
2  versus Rodarte.  The Court will also call 09 CR 818, Jose
3  Salazar; 09 CR 748, Frankie Salazar; and 09 CR 768, James
4  Cisneros.  The record should reflect that all counsel and
5  parties are present, with the exception of James Cisneros.
6           Mr. Kohn, you waive the presence of Mr. Cisneros?
7           MS. KOHN:  Yes, your Honor.
8           THE COURT:  Start with the easy thing first.  Ms.
9  McKedy.
10          MS. MCKEDY:  Yes.
11          THE COURT:  I do have a copy for you of the parole
12 records of Mr. Rodarte, and I have one for Ms. Viehman.  All of
13 those records are available and may be released and will follow
14 the usual procedure that we have.  In this case today, which as
15 I understand the prosecution will make a copy of those records
16 and then have those records available for release to everyone
17 else in the case.
18          At the request of Ms. McKedy, and also to a certain
19 extent the government, I have gone through the records,
20 primarily of the FBI once again.  And I have also gone through,
21 I am just going to refer to it as something that Ms. McKedy
22 gave me from the Department of Corrections, and essentially it
23 details administrative regulation 250-31.  If anybody is
24 looking for that, you won't find it.  I tried and couldn't.
25 Apparently it is a regulation that is defined in DOC regulation

1    100-01 III M as in Mike.  A document that is restricted
2    distribution.  And that administrative regulation states,
3    "Administrative regulations, implementation, adjustments,
4    operational memorandums or executive directives that have an
5    extremely limited distribution and are not available under any
6    circumstances for public and/or offender use through offender
7    libraries or other sources."  That was the document that was
8    given to Ms. McKedy.  And it essentially sets forth the
9    circumstances under which a person who is on parole in the DOC
10   system may work as a confidential informant.
11           I reviewed all of the records and this is my ruling.
12   I hope my clerk advised that I am not accepting argument today.
13   I am just giving ruling.  I have reviewed all of the records.
14   I find them to be relevant to Mr. Rodarte's defense or
15   potential defense.  The records contain information known by or
16   supplied by Mr. Rodarte.  In addition, the Court notes that
17   this matter is set for trial I believe some time in January.
18   Trials in this state are open to the public.  The records also
19   detail investigations, some of which for certain have been
20   concluded because the records reflect that.
21           In one instance one of the individuals that was the
22   subject of an investigation was killed in a shoot-out with the
23   police.  Based on everything that I have seen in the records, I
24   believe that the Constitutional considerations for Mr. Rodarte
25   outweigh the government's interest in secrecy.  I find that

1    these records may be relevant also to the other defendants'
2    potential defenses in this case.  Certainly the government had
3    knowledge regarding Mr. Rodarte's activities in other
4    jurisdictions.  There is an indication that potentially TF0
5    Richardson may have had some involvement with Mr. Rodarte
6    during some of those activities.  The Court cannot guess at
7    this time how much of those facts or those activities may have
8    been relayed by Mr. Rodarte to the defendants in his potential
9    attempt to cause them to believe that he was someone which he
10   was not.
11           But, certainly, if the defendants gained knowledge of
12   the facts of what Mr. Rodarte was doing in other places, which
13   arguably could have occurred since his purpose was to
14   infiltrate the Surenoses, and the allegation is that in this
15   situation some of the defendants are potentially members of the
16   Surenoses.  In the Court's ruling, the Court is not ruling that
17   all of this information is ultimately admissible at trial.  But
18   I do believe it is discoverable.
19           As such, the Court will be releasing information
20   regarding potential investigation into a state and municipal
21   police organization resulting from Mr. Rodarte's activities.
22   The Court realizes that it is also giving information regarding
23   the identity of another confidential informant.  However, from
24   the records, it also appears that this information was known to
25   the criminal elements, since Mr. Rodarte was allegedly hired to

1  kill that confidential informant.  I understand that I could be
2  wrong.  All other investigative privilege cases which I have
3  reviewed involve actual government agents working undercover in
4  some capacity.  Mr. Rodarte was not an actual government agent.
5  He was allegedly a confidential informant who is now being
6  prosecuted by the very government who was using him.
7           As such, I find that the government cannot claim
8  privilege or confidentiality with respect to the operations in
9  which they placed Mr. Rodarte.  I understand the sensitive
10  nature of the documents that I am releasing.  Because of that
11  nature, I want to give the government an opportunity to have
12  someone else tell me that I am wrong.  As such, I am allowing
13  the government until December 7th, at noon, to file an appeal
14  of my ruling.  If not, the records will be released subject to
15  the following protection order.
16           Information contained in the documents may be
17  discussed with clients, and the clients shall have a right to
18  review the documents.  But the documents themselves shall
19  remain in the possession of the attorneys.  The District
20  Attorney will make copies and make them available to counsel
21  through discovery as has otherwise been done in this case.  No
22  other copies are permitted, except to the extent necessary to
23  provide the information to retain experts.  Information shall
24  only be used for purposes of these cases only and shall not be
25  used in other cases.  Information contained in the documents is

1   not subject to public dissemination.  The Court has reviewed a
2   number of documents which provide identifying information
3   regarding alleged associates of all of the defendants, with the
4   exception of the information related to the allegations which
5   serve as the basis for the charges in these cases, none of this
6   information is being provided.  Information regarding drug
7   smuggling into a prison is not subject to the discovery.
8   Information regarding an investigation into potentially illegal
9   activities on the part of a County Sheriff's Office of this
10  state is not subject to discovery.  Documents regarding these
11  activities are not being released.  Essentially all other
12  documents regarding the activities of the FBI and the gang task
13  force operations are being released.
14          I see that I have Mr. Goffi in the room.  This will
15  probably make more sense to the FBI than it does to anybody
16  else.  With respect to that, what it means is that files
17  designated as 270-M or start out with that number and then end
18  with the CE-2 and files that end with an SUB 0I A1 and SUB V1 I
19  think are being released.  I am not taking argument.  I will
20  take questions.
21          Ms. Viehman.
22          MS. VIEHMAN:  I would need time to confer with -- I
23  know the Court has given us until December 7 for appeal.  I
24  need to confer with counsel for the FBI, as well as the U.S.
25  Attorney's Office.

```
 1              THE COURT:  That's fine.  I actually was asking if
 2   anyone had any questions about the scope of my order primarily
 3   because I have tried to be as vague as possible regarding some
 4   of the information that I am not releasing.  But I also think
 5   that the government in this case -- I certainly -- I know you
 6   will need to confer, but they will know exactly what it is that
 7   I am going to be releasing.
 8              Mr. Goffi.
 9              MR. GOFFI:  The records are going to be released to
10   the District Attorney's Office first, and then we will have
11   until December 7th?
12              THE COURT:  No.  No.  I am not releasing anything
13   until December 7th.
14              MR. GOFFI:  Okay.
15              THE COURT:  I understand the implications of my
16   order.  I am not sure it's right.  What I am doing is I am
17   giving the weight -- I think I am giving the Constitutional
18   Rights that the defendants have in this case greater weight
19   because of the unique circumstances in this case.  But because
20   of the import of everything that I think, Mr. Goffi, you are
21   probably in the best position of anybody in the room to
22   understand.  I am going to give the government an opportunity
23   to have somebody tell me that I am wrong.  And so I am not
24   releasing anything.  These will remain in my possession in the
25   manner that they are until noon on December 7th.  If I hear
```

```
 1   that an appeal has been taken or an order has been issued, then
 2   I will look at that again.  Obviously, if an appeal has been
 3   taken, I lose jurisdiction.  If one has not, at that point in
 4   time, the records will be released.  They will be released to
 5   Ms. Viehman.  The process that we have worked out is that the
 6   District Attorney's Office is assembling all of the records,
 7   paginating them so that when somebody says look at Page 103,
 8   everybody is on the same Page 103.  So that would be the
 9   process.
10               MR. GOFFI:  Are you proposing to release them in
11   unredacted form?
12               THE COURT:  Yes.
13               MR. GOFFI:  As is?
14               THE COURT:  As is.  The only redactions that I have
15   made are with respect to the two other operations that I
16   referenced.  One involved an investigation into drug smuggling
17   into a prison.  Others involved a potential investigation into
18   the activities of a County Sheriff's Office in this state.  All
19   other records would be released in an unredacted form, except
20   to the extent that there were some documents that referenced
21   potential associates, and I don't think -- I am not going to
22   give that up.  I think that where people live, where somebody's
23   cousin lives, where a potential witness lives, I am not giving
24   up any of that.
25               MR. GOFFI:  All of the out-of-state activities?
```

```
 1              THE COURT:  All of the out-of-state activities, yes.
 2   I am trying to be vague and I think I understand which ones
 3   you're talking about.  All of the out-of-state activities.
 4              MR. GOFFI:  Okay.
 5              THE COURT:  Any other questions from anyone?  Mr.
 6   Kohn.
 7              MS. KOHN:  Last week when we were in here, the Court
 8   entered specific orders regarding my obligations to the Court
 9   and my client.  I am not sure whether we are talking about the
10   same incident at this point or we are not.
11              THE COURT:  The obligations remain the same until
12   December 7th.  Then come December 7th, my protective order is
13   in place for everything.
14              MS. KOHN:  That supercedes the previous Court's
15   order?
16              THE COURT:  Yes, it does.  If we get there and the
17   documents are released, I think everybody will understand why.
18              Ms. McKedy, do you have any questions?
19              MS. MCKEDY:  Not at this time, judge.  Thank you.
20              THE COURT:  Ms. Behan.
21              MS. BEHAN:  For the protective order and I was trying
22   to take notes, was the Court --
23              THE COURT:  I will issue an actual written order so
24   everybody can have it.  The only reason I went through it was
25   so that the government -- I thought it was important to make a
```

1  record that if I do release them, I will make them subject to a
2  protective order.  I thought it was important for both the
3  government and anybody else who is looking at the transcript to
4  understand what the parameters of the protective order I was
5  going to enter would be.
6           MS. BEHAN:  Thank you, judge.
7           THE COURT:  Ms. Ringler.
8           MS. RINGLER:  None for us, your Honor.
9           THE COURT:  With that, the only other thing, Ms.
10 Viehman, it sounds like, given the nature of this and also the
11 nature of the clerk's office downstairs, I want a phone call by
12 noon on Monday.  So if there has been an appeal taken and you
13 file something downstairs, to let them know that doesn't mean
14 that I will know.
15          MS. VIEHMAN:  You mean the 30th?
16          THE COURT:  No.  The Monday is December 7.  December
17 7 is a Monday.  I need a phone call by that Monday at noon to
18 know where my jurisdiction lies.  If an appellate court has
19 decided to take it, I have lost jurisdiction and the order
20 won't enter, and the records will remain with me until I hear
21 differently from somebody else who has authority over me.  But
22 I don't want to inadvertently release the records either if an
23 appeal has been taken.  I just need a phone call to my clerk to
24 let me know.
25          The only other thing that I have is that the

```
 1   personnel files of Mr. Richardson, I have released portions of
 2   these.  I am not going to release any further portions of
 3   those.
 4
 5                      C E R T I F I C A T E
 6         I, PAMELA A CELSKE, Official Court Reporter of the
 7   District Court, do hereby certify that the foregoing pages
 8   numbered 2 through 11, inclusive, constitute a full, true, and
 9   accurate transcript of the proceedings had in the above matter,
10   all done to the best of my skill and ability.
11         DATED this 30th day of November, 2009.
12
13
14                              _____
                                     PAMELA A. CELSKE
15
```