UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:09-cv-002912-PAB-KLM

PEOPLE OF THE STATE OF COLORADO,

      Plaintiff,

v.

ROBERT RODARTE,
FRANKIE SALAZAR,
JOSE SALAZAR and
JAMES CISNEROS

      Defendants

**RESPONSE TO THE GOVERNMENT'S MOTION TO VACATE, TO QUASH, AND FOR PROTECTIVE ORDER**

**INTRODUCTION**

    James Cisneros, by and through his undersigned attorney, files this his response to the Government's Motion to Vacate, to Quash and for Protective order regarding the El Paso County District Court's Order compelling the release of the FBI confidential informant file in his state court proceedings and urges this Court to either require the release of the information in question or alternatively, enter its Order prohibiting the Federal law enforcement officers from testifying in the State Court proceeding.

**FACTUAL BACKGROUND**

    Mr. Cisneros acknowledges the factual background provided in the government's motion to vacate, to quash and for a protective order and for purposes of this motion, accepts that factual background as accurate. In addition, however, it is important to note that the state court prosecutor has endorsed FBI special agents Daniel M. Albert, Jonathon Cronan, Joseph Hunt, William Petoskey, Dan Schilling, Jeff Schirmer, Tom Storey and Kevin Vest and it is anticipated that the state prosecutor intends to call said persons as witnesses in the state criminal proceeding. Finally, it is important to note that Rule 16 of the Colorado Rules of Criminal Procedure, Part 1

1

(a) prosecutor's obligations and Colorado Rule of Criminal Procedure, Rule 16, Part 1 (c), material held by other governmental personnel require the disclosure of the information being sought by the subpoenas in question.

**ARGUMENT**

Mr. Cisneros recognizes that the authority cited by the government, including but not limited to, the *United States ex. rel. Touhy v. Ragen.* 340 U.S. 462 (1951); *Swett v. Schenk*, 792 F.2d 1447 (9th Cir. 1986) and *Smith v. Cromer*, 159 F.3d 875 (4th Cir. 1998) stands for the proposition that federal supremacy and the doctrine of sovereign immunity precludes state courts or a federal court on removal from reviewing federal agency actions and regulations and such regulations have the force and effect of federal law that state courts are bound to follow. Furthermore, Mr. Cisneros recognizes that the Cromer court opined that the effect of the Touhy regulations, even when applied in a state criminal proceeding that would prohibit a criminal defendant from the proper exercise of the Fifth and Sixth Amendment rights as guaranteed by the Constitution of the United States, is not an unconstitutional exercise of the sovereign's power. Having said that, however, Mr. Cisneros takes exception to the Cromer decision and the precedent which it cites and for purposes of the record, maintains a position that urges this Court to recognize that the Supreme Court of the United States has not ruled on the issue of whether or not the Touhy regulations are constitutional applications of the doctrine of sovereign immunity in the context of a criminal prosecution brought by the state but investigated by and controlled by the federal government.

It is Mr. Cisneros' position that the Supreme Court of the United States has recognized that the government should invoke its evidentiary privileges in certain instances pursuant to Touhy only if its concomitant duty to see that justice is done is not compromised. *United States v. Ronald*, 345 U.S. 1 (1953). Justice Reed in his decision in Touhy recognized that the constitutionality of the attorneys' general exercise of his evidentiary privilege might be subject to certain conditions or "disadvantages to the government." *Touhy*, 340 U.S. at 469. As the 2nd Circuit Court of Appeals opined in the *United States v. Andolschek et al*, 142 F2d. 503 (2nd Circuit 1944), the government must choose in a criminal prosecution between laying bare the subject matter of suppressed documents or take such action as is necessary to preclude a trial of a

2

defendant. *Andolschek,* 142 F.2d at 506. See also *United States v. Beekman, et al.,* 155 F.2d 580 (2nd Circuit 19460.

While it can be argued that this Court cannot require disclosure of the documents in question through the exercise of protecting the subpoenaed agents from the contempt citation, it can also be argued that this court can order the federal agents in question from not testifying at a trial of the defendant in the state court proceedings. Through this mechanism, the government's duty to do justice can be effectuated. It is that relief which Mr. Cisneros urges this Court to adopt. As a result, Mr. Cisnoeros respectfully requests this Honorable Court to enter its order sustaining the government's position regarding the release of the subpoenaed records in question but in addition, ordering any and all federal agents subpoenaed to testify in the underlying state court proceedings to not so testify.

## CONCLUSION

Because the government including a state government which prosecutes an accused, has a duty to see that justice is done, it is unconscionable for the federal government to become complicit in an action which prohibits access to documents that a trial court judge has determined to be relevant and material and important for the defendant's exercise of his Fifth and Sixth Amendment rights as guaranteed by the Constitution of the United States. The interest of justice require providing a remedy to any defendant in the position of Mr. Cisneros. That remedy is prohibiting the federal government to participate in any way in the defendant's prosecution. As a result, Mr. Cisneros would urge this Court to uphold the government's position regarding the release of the subpoenaed items in question but at the same time, prohibit any federal governmental agent from testifying or providing other assistance in Mr. Cisneros' state court trial.

Respectfully submitted this 22nd day of February 2010.

/s/Rick Levinson
RICK LEVINSON, Colorado Reg. 23047
Kaufman & Levinson, LLC
2 North Cascade Avenue, Suite 550
Colorado Springs, CO 80903
Phone: (719) 447-1511
Fax: 719-447-1512
e-mail: whale@kauflev.com

3

*Attorney for the Defendant James Cisneros*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 22, 2010, I electronically filed the foregoing *Response to the Government's Motion to Vacate, to Quash, and for Protective Order* with the Clerk of the Court using the CM/ECF filing system which will send notification of such filing to the following email addresses:

Amy L. Padden
Amy.padden@usdoj.gov
*Attorney for Plaintiff*

Shimon Kohn
skohn@kohndefense.com
*Attorney for Defendant James Cisneros*

Eric S. Anaya
anaya@springscriminallaw.com
*Attorney for Defendant Robert Rodarte*

Cynthia Ann McKedy
mckedy@springscriminallaw.com
*Attorney for Defendant Robert Rodarte*

Warren Richard Williamson
Rick_Williamson@fd.org
*Attorney for Defendant Robert Rodarte*

Patricia S. Behan
Patricia.behan@coloradodefenders.us
*Attorney for Defendant Frankie Salazar*

Steven K. Jacobson
steve@collinsrafik.com
*Attorney for Defendant Frankie Salazar*

I hereby certify that I have mailed via U.S. mail the foregoing to the following non CM/ECF participants:

Mark B. Menscher & Victoria Lynn Ringler
Mark Menscher, PC
19 North Tejon Street, #40
Colorado Springs, CO  80903
*Attorneys for Defendant Jose Salazar*

/s/ Susie Lang
SUSIE LANG

4