**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.  1:09-cv-002912-PAB-KLM

PEOPLE OF THE STATE OF COLORADO,

 Plaintiff,

v.

ROBERT RODARTE,
FRANKIE SALAZAR,
JOSE SALAZAR and
JAMES CISNEROS

 Defendants.

**DEFENDANT FRANKIE SALAZAR'S RESPONSE TO MOTION TO VACATE, TO QUASH, AND FOR A PROTECTIVE ORDER**

  The Defendant, Frankie Salazar, through counsel, Steven K. Jacobson, offers the following arguments in response to the government's Motion to Vacate, to Quash and for Protective Order, Doc 41, filed January 15, 2010 (Hereinafter, "Government's Motion.")

  **ARGUMENT**

  As noted in the Government's Motion, and Mr. Salazar does not argue otherwise, all the relevant case law establishes that a state court only has jurisdiction to direct the release of documents if the federal agency involved fails to give notice of an objection pursuant to 28 C.F.R. § 16.26(b)(4) and (5).

  It would appear that such an objection was raised in this case.   The trial court recognized this in giving the FBI the opportunity to assert an objection which they clearly did. Mr. Salazar can not in good faith argue that the act of the FBI in providing the records for an

1

*in camera* review was any more than an attempt on the FBI's part to hope the issue would go away if the judge ruled in their favor. In their argument, the government styles this as "an effort to expedite" the matter. Government's Motion, p. 4. The state court judge clearly persuaded Agent Goffi to provide the actual documents based on the promise that "(n)obody gets any of this," *Id.*, Exhibit 9 , 77, 3-4, and that the records were "just" being submitted for an *in camera* review. *Id.*, Exhibit 9, 74, 1-2. Agent Goffi may have erroneously believed that the trial court would rule that the material need not be disclosed in order to end the matter. However, the state court in not doing so did not change the FBI's assertion of its *Touhy* objections, *Id.,* Exhibit 9, 67, 19-20 and 73, 9-23. The state court in effect affirmed that there was no such waiver by granting the FBI a stay to file this action. *Id.,* Exhibit 1. Such waivers "cannot be implied but must be unequivocally expressed," *U.S. v. Mitchell*, 445 U.S. 535, 538 (1980), and there was no such unequivocal expression in this case.

As noted by the government, a federal agency has the power, irrelevant of even individual constitutional rights, to bar access to documents. *United States ex rel. Touhy v. Ragen,* 340 U.S. 462, 467-70, 71 S.Ct. 416, 95 L.Ed. 417 (1951). Mr. Salazar agrees with the government that such regulations have consistently been held valid under a theory of sovereign immunity. The government goes on to assert that a state court can not order production of such documents if the federal agency has not authorized the release. Although this is in effect the result, a state court has sovereign immunity as well and can enter any orders it wants. The state court just lacks the authority to enforce compliance with the order.

Not dissimilarly, this Court has no jurisdiction to rule on anything other than the jurisdiction of the state court to enforce its order on a federal agency. The statute authorizing removal is broadly interpreted to allow for removal if any "colorable" defense is raised by a

2

federal officer.  *Swett v. Schenk*, 792, F.2d 1447, 1450 (9th Cir. 1986).   In *Swett*, a proceeding relating to the subpoenaing of a National Traffic Safety Bureau investigator was removed.  The investigator was aware of highly relevant opinions professed by defense agents and the Federal Court noted that the arguments to force the investigator to testify had "logical appeal."  *Id.* at 1450.  However, the Court noted that the reason for removal is "to have the validity of the defense of official (sovereign) immunity tried in Federal Court," and not to litigate all the issues raised.  *Id.*  at 1450.  Even the "logical appeal" of an argument is irrelevant because the *Touhy* doctrine is jurisdictional, the dominant question in any such proceeding.  *Id.* at 1450.  Accordingly, "consideration of the merits can play no part in the (Federal Court's) decision."  *Id.* at 1452.

Here, the government offers various arguments either attacking the merits of the state judge's ruling or attempting to mitigate the affect of its holding.  They make representations about the nature of the evidence reviewed by the trial court, evidence which they have access to through Agent Goffi.  Of course they are at an advantage.  Appointed federal counsel in this matter and this Court as well, are in no position to participate in an argument about the balance stuck by a trial court that had access to the documents when the only party that have access in this proceeding is the government.   The government acknowledges that such determinations require the "balancing" of the "particular circumstances of each case", citing *Rovario v. United States,* 353 U.S. 53 (1957).  However, they are making such an argument where the present parties, and this Court, are hamstrung in responding.  The state trial court detailed at length the information it was considering in making its balancing determination.  It included consideration of many items that have not been provided to this Court, specifically video and audio recordings that are not part of the record in this Court and other unidentified

3

"documents which have already been released," and cited unspecified testimony at prior hearings.  Government's Motion, Exhibit 1.

Mr. Salazar might argue back that the findings the trial court made used real evidence which was very specific as to how Mr. Salazar could use the information requested in his defense.  They were far from the "hypotheticals" proposed by the government.    Of course, this Court is in no position to respond to these counter arguments either.

In *Elko County Grand Jury v. Siminoe,* 109 F.3d 554 (9th Cir.), *cert. denied,* 522 U.S. 1027, 118 S.Ct. 625, 139 L.Ed.2d 606 (1997), the USDA removed to federal court a case involving a subpoena to testify served on a forest service employee.  The federal agency had timely noted its objection.  The Circuit Court noted that "a consideration of the merits can play no part in our decision."  Citing *Swett*, 792 F.2d at 1452.  The Court correctly explained that, like the state court, it too had no jurisdiction other than to rule on whether the state court had jurisdiction and issue orders accordingly.  This caution as to the limited scope of removal proceedings goes both ways and applies in this case.

Furthermore, the government's contention that Mr. Salazar may have other remedies once this Court rules is very much a "cart before the horse" contention.  The existence of multiple remedies has no bearing on this Court's decision.  The case of *In re Gray*, 162 F.3d 1172 (10th Cir. 1998) is on point.  Not unlike this case, it involved the FBI's partial compliance with a subpoena in a state proceeding.  In addressing other remedies, the Court noted that "(t)he federal court's jurisdiction on removal is purely derivative and does not enlarge or contract the rights of the parties. *See Arizona v. Manypenny,* 451 U.S. 232, 242, 101 S.Ct. 1657, 68 L.Ed.2d 58 (1981)."  *Id* at 1172.   Accordingly, the Court held that it would not address "(t)hose remedies (which) may include dismissal of the charges or other ameliorative

4

action by the state court, or an action in federal court pursuant to the Administrative Procedure Act." *Id.*

### CONCLUSION

Because the state trial court did not have jurisdiction to compel the FBI to release documents to the defense, Mr. Salazar believes this Court should issue an order prohibiting the dissemination of any such documents because the trial court lacked jurisdiction over the relevant federal agency and agency documents.

Respectfully submitted,

s/ Steven K. Jacobson
Steven K. Jacobson
1881 9th St., Suite 315
Boulder, Colorado  80302
Telephone:  303-444-9292
Fax:  303-447-0200
e-mail:  steve@collinsrafik.com

CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on Febraury 23, 2010, I electronically filed the foregoing **DEFENDANT FRANKIE SALAZAR'S RESPONSE TO MOTION TO VACATE, TO QUASH, AND FOR A PROTECTIVE ORDER** with the Clerk of the Court using the CM/ECF filing system which will send notification of such filing to the following e-mail addresses:

Amy L. Padden
amy.padden@usdoj.gov
*Attorney for Plaintiff*

Shimon Kohn
skohn@kohndefense.com
*Attorney for Defendant James Cisneros*

Rick B. Levinson

whale@kauflev.com
*Attorney for Defendant James Cisneros*

Eric S. Anaya
anaya@springscriminallaw.com
*Attorney for Defendant Robert Rodarte*

Cynthia Ann McKedy
mckedy@springscriminallaw.com
*Attorney for Defendant Robert Rodarte*

Warren Richard Williamson
Rick_Williamson@fd.org
*Attorney for Defendant Robert Rodarte*

Patricia S. Behan
patricia.behan@coloradodefenders.us
*Attorney for Frankie Salazar*

John F. Sullivan, III
jfslaw1@aol.com
Attorney for Jose Salazar

I hereby certify that I have mailed via U.S. Mail the foregoing to the following non CM/ECF participants:

Terry Sample
Jennifer Viehman
El Paso County District Attorney's Office-4th Judicial
105 East Vermijo Avenue
#500
Colorado Springs, CO 80903

Mark B. Menscher
Victoria Lynn Ringler
Mark Menscher, PC
19 North Tejon , #40
Colorado Springs, CO 80903
*Attorneys for Defendant Jose Salazar*

Mr. Frankie Salazar

                                               s/ Steven K. Jacobson
                                               Steven K. Jacobson