IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 09-cv-02912- PAB

PEOPLE OF THE STATE OF COLORADO,

        Plaintiff,

v.

ROBERT RODARTE,

        Defendant.

_____

**DEFENDANT ROBERT RODARTE'S RESPONSE TO GOVERNMENT'S MOTION TO VACATE, QUASH AND FOR A PROTECTIVE ORDER**
_____

        The defendant, Robert Rodarte, through court appointed counsel, the Office of the Federal Public Defender, and Assistant Federal Public Defender Warren R. Williamson, files this response to the Government's Motion to Vacate, to Quash and for a Protective Order, Doc. 41, filed January 15, 2010.  (Hereafter, "Government's Motion.")

        This matter finds its way to federal court because the F.B.I. has refused to surrender certain documents and other information sought by defense subpoenas.  On December 8, 2009, the District Court in El Paso County, Colorado ordered this information disclosed to the defendants.[1]  The F.B.I.'s refusal to comply with the subpoenas and this order is based on sovereign immunity and the supremacy clause.

---

[1] This order, hereafter referred to as "the state court order," was issued in El Paso County District Court case numbers 09CR748, 753, 768 and 818.  *See* Notice of Filing State Court Pleadings, Motions, and Papers, hereafter, "Notice of Filing," Doc. 61, Exh. 23.  Mr. Rodarte's case, *People of the State of Colorado v. Robert Rodarte*, is number 09CR753.

The Government seeks to have the state court order vacated and the defense subpoenas served on the FBI quashed. It is also seeking a protective order to prevent release of the informant file "as ordered by the state court."[2]

**What this is *not* about**

The issue before this Court is whether the state court has the authority to compel the FBI to disclose the things it has refused to disclose relying on its *Tuohy* regulations. What is not before the Court is whether that refusal was otherwise reasonable.[3]

This means the Court may not make findings about the propriety of the application of any government privilege, the sufficiency of the state court judge's findings or conclusions, or the government's proposals to resolve the discovery dispute.[4]  *See Bosaw v. Nat'l Treasury Employees' Union,* 887 F. Supp. 1199, 1209 (S.D. Ind. 1995) (noting federal courts acquire only limited jurisdiction in a collateral proceeding between a party to state court litigation and a nonparty federal officer, and stating "[b]ecause . . . the order compelling discovery is the action against a federal officer, it follows that only that portion of the state court case is removable under § 1442."); *F.B.I. v. Superior Court of Cal.* 507 F.Supp.2d 1082, 1094 -95 (N.D. Cal. 2007) (declining to reach issue of whether the F.B.I.'s refusal to disclose information sought in

---

[2] The need for a protective order is unclear. If the state court order is vacated and the subpoenas are quashed, there would be no basis for disclosure of the informant files.

[3] As one commentator observed, however, "federal authorities ought not to work cheek-by-jowl with their state colleagues in accumulating evidence for a state criminal prosecution and then cache that evidence behind the Code of Federal Regulations to prevent the defendant from gaining access to it." Milton Hirsch, *The Voice of Adjuration: The Sixth Amendment Right to Compulsory Process Fifty Years after United States ex rel. Touhy v. Ragen,* 30 Fla. St. U. L. Rev. 81, 130 (2002).

[4] *See* Government Motion, page 13, *et seq.*, "Less Intrusive Alternatives . . ." .

2

state court criminal case subpoenas was justified in light of the defendant's constitutionally guaranteed due process rights); *Wisconsin v. Hamdia* 765 F.2d 612, 615 (7th Cir. 1985) (jurisdiction over the issue of relevance of documents subpoenaed from the F.B.I. is vested in the state court; federal court had no authority to issue any orders or make any findings on the relevance issue). *See also In re Elko County Grand Jury*, 109 F.3d 554, 556 (9th Cir. 1997) (district court "will not examine the merits" of arguments favoring disclosure); *Swett v. Schenk*, 792 F.2d 1447, 1452 (9th Cir. 1986) (the merits of whether a department validly withheld information can play no part in the district court's decision); *Oklahoma v. Hopkins*, 162 F.3d 1172, 1998 WL 712663 (10th Cir.1998) (unpublished) (declining to address appellant's claims that his constitutional rights in the criminal proceedings would be compromised if a state court subpoena against F.B.I. agent were not enforced, and noting that "[t]he constitutional claims are not ripe for adjudication.") (Attached as "A."). Nor does the federal court have jurisdiction to compel or direct the defendants in the state cases to comply with the F.B.I.'s "Touhy" regulations,[5] or to decide if they have, in fact, done so. *Pollock v. The Barbosa Group*, 478 F.Supp.2d 410, 414 (W.D. N.Y. 2007).[6]

---

[5] *United States ex rel. Touhy v. Ragen*, 340 U.S. 462 (1951).

[6] *See* page 13, Government's Motion, "Less-Intrusive Alternatives Remain Available." The government suggests the defendants should, or could, file an action under Title 5, the Administrative Procedures Act, challenging the F.B.I.'s refusal "to turn over the confidential informant file in its entirety." This would not necessarily lead to a less intrusive result. A federal judge may, in doing the balancing required in evaluating the appropriateness of the agency's position, decide the same way the state court did.

**What this case *is* about**

Again, the issue before this Court on removal is whether the state court can compel the FBI to disclose the things it refuses to disclose when that refusal is based on the department's *Touhy* regulations.[7]

This Court's jurisdiction is derivative of the state court's. If the state court lacked jurisdiction to compel the federal officers to act against their will, this Court also lacks jurisdiction to do so. *Bosaw,* 887 F. Supp. at 1211.[8]

**The case was properly removed to federal court under 28 U.S.C. § 1442(a)**

While the F.B.I. may not have specifically moved in state court to quash the subpoena Mr. Rodarte served on its employee, the issues relating to the disclosure of that evidence were raised in the Motion for Reconsideration and Stay filed by the F.B.I. *See* Notice of Filing, Doc. 61, Exhibit 22. They were also addressed in the state court order denying reconsideration dated December 8, 2009. *Id.* at Exh. 23. Consequently, the question regarding the enforcement of the subpoenas and the state court order are properly before this court. 16 Moore's Federal Practice 3d § 107.15[1][b][iii] ("Federal officers that are not named as parties may remove actions [under

---

[7] In a letter declining to turn over all of the materials sought by the first, or Cisneros, subpoena, the F.B.I. relied on the *Touhy* regulations and, specifically, 28 C.F.R. § 16.26. *See* Government's Motion, Exhibit 3. The same authorities were cited in the F.B.I.'s Motion to Quash filed in the state court proceedings on July 23, 2009. Notice of Filing, Doc. 61, Exhibit 8, and were again cited in its motion to reconsider the state court order requiring disclosure, filed December 2, 2009. *Id.*, Exh. 22.

[8] While some of the cases cited in defendant Rodarte's Motion to Dismiss, filed January 6, 2010, Doc. 34, discuss dismissal, the weight of authority suggests this Court has jurisdiction over the issue.

§ 1442(a)(1) ] that interfere with the performance of their duties."). *But see*

*Alabama v. Stephens*, 876 F. Supp. 263, 264-5 (M.D. Ala. 1995) (the appropriate time to invoke federal jurisdiction under § 1442(a)(1) is the point at which contempt proceedings are initiated against the federal employee by the state court, and the government's removal before such developments occurred amounted to an impermissible "short-cut" upsetting the "delicate balance between federal and state jurisdiction encompassed in the concept of federalism"); *Stallworth v. Hollinger,* 489 F.Supp.2d 1305, 1311 (S.D.Ala. 2007) (issuance of subpoena to federal agency employee is not grounds for removal until subpoena enforcement proceedings blossom into contempt proceedings).

**The state court's authority to compel the FBI to comply with the subpoena or its order**

Based on the authorities cited in his December 22, 2009, order, the state court judge directed that the contents of the F.B.I. informant file, including those items objected to by the F.B.I., be made available to the defendants. Notice of Filing, Doc. 61, Exh. 23. The F.B.I declined to comply with the order citing its *Tuohy* regulations.

The Department of Justice's regulations governing the disclosure of information in a legal proceeding are valid in light of 5 U.S.C. § 301 and the Supreme Court's decision in *United States ex rel. Touhy v. Ragen*, 340 U.S. 462, 71 S.Ct. 416, 95 L.Ed. 417 (1951)*. F.B.I. v. Superior Court of Cal.,* 507 F.Supp.2d 1082, 1087 -88 (N.D.Cal. 2007). Because "Congress has not expressly waived sovereign immunity in cases in which state courts seek to compel government

employees to submit to subpoenas or court orders . . . [f]ederal sovereign immunity . . . precludes [a] state court from enforcing [such] subpoenas or order[s] ." *Id.* at 1094.

Most authorities suggest that a state court cannot enforce compliance with its order, and, as mentioned above, "[b]ecause its jurisdiction on removal is derivative of the state courts," a federal court may not either. *Id.* at 1087 -1088. *But see Buford v. State*, 158 Ga.App. 763, 768, 282 S.E.2d 134 (1981) (holding that a federal regulation forbidding disclosure of departmental information must yield to a defendant's constitutional right to compulsory process).

### The defendants are not without remedy in the state court

The state court judge gave careful consideration to the issues raised by the defendants' requests for disclosure. This is evident from the hearings held, briefs filed, and his order of December 8, 2009.  Citing *Touhy*, the F.B.I.  has  refused to comply with this order.  Under the circumstances, this court cannot make them do so,  nor can the agency or its employees be held in contempt for this refusal. *United States ex rel. Touhy v. Ragen*, 340 U.S. 462, 71 S.Ct. 416, 95 L.Ed. 417 (1951).

This does not mean when the case is returned to El Paso County that the defendants are without remedy. "Those remedies may include a dismissal of the charges[9] or other ameliorative action by the state court, or an action in federal court pursuant to the Administrative Procedures Act." *Hopkins,* 162 F.3d at 1172, 1998 WL 712663 (Attached as "A").

---

[9] See state court order, Doc 46-3, page 7 of  10.

**Conclusion**

The only issue presented by this removal action is whether this Court, based on derivative jurisdiction, can compel the F.B.I. to disclose the information sought by the defendants' subpoenas, and ordered to be disclosed by the state court's order. The F.B.I. has objected to disclosure under its *Tuohy* regulations. Neither the state court nor this Court has jurisdiction to compel the federal officers to act against their will.

Respectfully submitted,

RAYMOND P. MOORE
Federal Public Defender


s/ Warren R. Williamson
Warren R. Williamson
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Rick_Williamson@fd.org
Attorney for Defendant

                **CERTIFICATE OF SERVICE**

      I hereby certify that on February 23, 2010, I electronically filed the foregoing **DEFENDANT ROBERT RODARTE'S RESPONSE TO GOVERNMENT'S MOTION TO VACATE, QUASH AND FOR A PROTECTIVE ORDER** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

Cynthia Ann McKedy
Email:  mckedy@springscriminallaw.com
*Attorney for Defendant Robert Rodarte*

Eric S. Anaya
Email:  anaya@springscriminallaw.com
*Attorney for Defendant Robert Rodarte*

Patricia S. Behan
Email:  patricia.behan@coloradodefenders.us
*Attorney for Defendant Frankie Salazar*

Steven K. Jacobson
Email: steve@collinsrafik.com
*Attorney for Defendant Frankie Salazar*

John F. Sullivan
Email: jfslaw1@aol.com
*Attorney for Jose Salazar*

Shimon Kohn
Email: skohn@kohndefense.com
*Attorney for Defendant James Cisneros*

Rick Levinson
Email: whale@kauflev.com

Amy L. Padden
Email: amy.padden@udogj.gov
*Attorney for Plaintiff*

and I hereby certify that I have mailed or served the foregoing to the following non CM/ECF participants in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

    Mark B. Mensher
    19 North Tejon, #40
    Colorado Springs, CO 80903
    (Via U.S. Mail)
    *Attorneys for Defendant Jose Salazar*

    Victoria Lynn Ringler
    Colorado Springs City Attorney's Office - East Kiowa
    224 East Kiowa Street, #410
    Colorado Springs, CO 80901-1575

    Mr. Robert Rodarte
    (Via U.S. Mail)

    s/ Warren R. Williamson
    Warren R. Williamson
    Assistant Federal Public Defender
    633 17th Street, Suite 1000
    Denver, CO  80202
    Telephone:  (303) 294-7002
    FAX:  (303) 294-1192
    Rick_Williamson@fd.org
    Attorney for Defendant Robert Rodarte