IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:09-cv-02912-PAB

PEOPLE OF THE STATE OF COLORADO,

    Plaintiff,

v.

JOSE SALAZAR,

    Defendant.

---

**DEFENDANT JOSE SALAZAR'S RESPONSE TO GOVERNMENT'S MOTION TO VACATE, QUASH AND FOR A PROTECTIVE ORDER**

---

    The Defendant, Jose Salazar, by and through CJA counsel, John F. Sullivan, III, of the Law Office of John F. Sullivan, III, PC, files his response to the Government's Motion to Vacate, to Quash and for a Protective Order, Doc. 41, filed January 15, 2010. (Hereinafter, "Government's Motion.")

### Procedural History

    1) Defense subpoenas were filed in four state court criminal actions involving the four now-removed defendants, Robert Rodarte, Frankie Salazar, Jose Salazar and James Cisneros, seeking access to documents in possession of the FBI. The state court proceedings took place in the El Paso County, Colorado, District Court. The FBI partially complied with the subpoena and provided some documents to the four defendants but refused to comply entirely citing that the remainder of the documents were subject to the Department of Justice's *Touhy*[1] regulations and

---

[1] *United States ex rel. Touhy v. Ragan*, 340 U.S.462 (1951).

28 C.F.R. § 16.26(b)(4) and (5).   However, despite the FBI's objection, the state court ordered that the requested documents, specifically the confidential informant file of Mr. Rodarte, be produced to all four defendants.   The FBI filed a Notice of Removal on December 11, 2009.

<u>Argument</u>

*Touhy Regulations*

2)  The Defendant agrees with Mr. Rodarte's assertion [Doc. 67] that the issue before this Court is whether the state court has the authority to compel the FBI  to disclose the things it has refused to disclose by the FBI's relying on the FBI's *Touhy* regulations.

3)  The Defendant respectfully submits that the state court did not have the authority to issue its order requiring the FBI to disclose the entire confidential informant file since the superiors at the Department of Justice did not authorize their agents to release the informant file. "A subordinate federal employee, acting pursuant to agency direction cannot be required to release information absent authorization by his superior."  *Matter of Gray*, 162 F.3d 1172 (10th Cir. 1998)(*citing Touhy,* 340 U.S. at 467-70.)

*Sovereign Immunity*

4) The Defendant agrees with the Government that the state court's ruling runs contrary to the doctrine of sovereign immunity.

5) In *Smith v. Cromer*, the 4th Circuit, citing *Boron Oil Co. v. Downie*[2], stated:  "[i]t is... clear that an action seeking specific relief against a federal official, acting within the scope of his delegated authority, is an action against the United States, subject to the governmental privilege

---

[2] 873 F.2d 67 (4th. Cir 1989).

of sovereign immunity.  *Boron*, 873 F.2d at 69.  Where an agency has not waived its immunity to suit, the state court (and the federal court on removal) lacks jurisdiction to proceed against a federal employee acting pursuant to agency direction".  159 F.3d 875, 879 (4th Cir. 1998). In this case, the FBI has not waived its immunity and has in fact asserted, in a Motion to Quash Subpoena *Duces Tecum* filed on July 23, 2009, that the documents could not be ordered produced by the El Paso District Court under *Touhy* and the doctrine of sovereign immunity. *See* Exhibit 4 of Doc. 41.

*Federal Court Jurisdiction*

6) The Defendant respectfully submits that, since the state court lacks the jurisdiction over the subject matter of the parties, and the federal court's jurisdiction is derivative of the state court, then the federal court has no jurisdiction over the same subject matter.  "[A] federal court's jurisdiction upon removal under 28 U.S.C. § 1442(a)(1) is derivative of the state court jurisdiction, and *where the state court lacks jurisdiction over the subject matter or the parties, the federal court acquires none upon removal,* even though in a like suit originally brought in federal court, the court would have had jurisdiction." *Pollack v. Barbosa Group, Inc,* 478 F. Supp.2d 410, 413 (W.D. N.Y. 2007)(*citing Boron*, 873 F.2d at 70). (Emphasis supplied).

*Examination of the Merits Favoring Disclosure*

7) The state court engaged in a "balancing of interests" analysis pursuant to *Rovario v. United States*, 353 U.S. 53 (1957) in determining that the requested documents should be released.   The Defendant submits that it would not be appropriate for this Court to engage in such an analysis.   It would be improper for this Court to act as a quasi-appellate court and consider the merits of the state court findings.  The Ninth Circuit dealt with the same question

regarding considering the merits of a decision issued by a state court when the state court had no jurisdiction and the case was removed to federal court.  In *In re Elko County Grand Jury,* 109 F.3d 554, 556 (9th Cir.1997) the court held that "a consideration of the merits can play no part in our decision."(*citing Swett v. Schenk,* 792 F.2d 1447, 1452 (9th Cir. 1986)).

*Conclusion*

8) The Defendant submits that the state court was barred from ordering disclosure of Mr. Rodarte's entire file when the Government objected to disclosure under its *Touhy* regulations. Moreover, since this Court's jurisdiction is derivative of the state court's jurisdiction, this Court does not have the jurisdiction to order disclosure of the file nor does it have the jurisdiction to consider the merits of the state court's *Rovario* analysis.  In short, if the FBI maintains its objection, the subpoena should be quashed and the informant file not released.

Respectfully submitted this the 24th day of February, 2010

                                                      s/ John F. Sullivan, III
                                                      Law Office of John F. Sullivan, III, PC
                                                      155 South Madison Street, #209
                                                      Denver, CO  80209
                                                      Telephone:  (303) 748-4343
                                                      FAX:  (303) 320-1577
                                                      Jfslaw1@aol.com
                                                      Attorney for Defendant

**CERTIFICATE OF SERVICE**

I hereby certify that on February 24, 2010, I electronically filed the foregoing **DEFENDANT JOSE SALAZAR'S RESPONSE TO GOVERNMENT'S MOTION TO VACATE, QUASH AND FOR A PROTECTIVE ORDER** using the CM/ECF system:

Cynthia Ann McKedy

Email:  mckedy@springscriminallaw.com

*Attorney for Defendant Robert Rodarte*


Eric S. Anaya

Email:  anaya@springscriminallaw.com

*Attorney for Defendant Robert Rodarte*


Patricia S. Behan

Email:  patricia.behan@coloradodefenders.us

*Attorney for Defendant Frankie Salazar*


Shimon Kohn

Email: skohn@kohndefense.com

*Attorney for Defendant James Cisneros*


Amy L. Padden

Email: amy.padden@udogj.gov

*Attorney for Plaintiff*


                                          s/ John F. Sullivan, III
                                          Law Office of John F. Sullivan, III, PC
                                          155 South Madison Street, #209
                                          Denver, CO  80209
                                          Telephone:  (303) 748-4343
                                          FAX:  (303) 320-1577
                                          Jfslaw1@aol.com
                                          Attorney for Defendant