IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-2912-PAB

PEOPLE OF THE STATE OF COLORADO,

Plaintiff,

v.

ROBERT RODARTE,
FRANKIE SALAZAR,
JOSE SALAZAR, and
JAMES CISNEROS,

Defendants.

**REPLY IN SUPPORT OF MOTION TO VACATE, TO QUASH, AND FOR A PROTECTIVE ORDER**

The Federal Bureau of Investigation ("FBI"), and Robert Goffi, Special Agent of the FBI (referred to herein collectively as "the FBI"), through the undersigned Assistant United States Attorney, file this Reply in support of its Motion to Vacate, to Quash, and for a Protective Order, Docket Number 41 (filed Jan. 15, 2010).[1]  For the reasons set forth in the FBI's motion and the responses filed by the Defendants, the motion should be granted, the El Paso County District Court's order compelling the release of the FBI's confidential informant file should be vacated, the subpoenas served on the FBI should be quashed, and this Court should enter a protective order prohibiting the release of the confidential informant file as ordered by the state court.

---

[1] Responses to the motion were filed by each of the Defendants as follows:  Docket Number 65, filed by James Cisneros on February 22, 2010; Docket Number 66, filed by Frankie Salazar on February 22, 2010; Docket Number 67, filed by Robert Rodarte on February 23, 2010, and Docket Number 70, filed by Jose Salazar on February 22, 2010.  Defendant Rodarte also filed a "Notice to Adopt Positions of Co-Defendants" in which he adopted the positions taken in the responses filed by Defendants Cisneros and Frankie Salazar.  (Doc. 68.)

**FACTUAL BACKGROUND**

Defendants have not raised any substantial dispute with the FBI's factual description of the background proceedings in this case. Therefore, the factual background will not be addressed again here.

**ARGUMENT**

A.  **The Department of Justice's *Touhy* Regulations and Sovereign Immunity Bar the Release of the Confidential Informant File**.

All of the parties in this removed case, the FBI and the four Defendants alike, agree that the FBI properly invoked the protections of its *Touhy* regulations with respect to the confidential informant file at issue. All Defendants other than Defendant Cisneros also agree that the state court lacks jurisdiction to release the confidential informant file over the FBI's objection. Therefore, the motion to quash and vacate should be granted.

Defendant Cisneros states that he "takes exception to the [*Smith v.*] *Cromer*[, 159 F.3d 875 (4th Cir. 1998),] decision and the precedent which it cites and for the purposes of the record." (Doc. 65 at 2.) However, he cites no cases to support his position that this Court should not follow *Cromer* and the other cases cited by the FBI, including *In re Gray*, 1998 WL 712663 (10th Cir. 1998), which the other Defendants concede requires quashing the subpoenas at issue.

Defendant Cisneros seems to be arguing that because *United States ex rel. Touhy v. Ragen* was not a criminal case (it was a habeas corpus proceeding, *see* 340 U.S. 462, 463-64 (1951)), that it and its progeny do not apply here. Here again, he has cited no authority for such a proposition. In fact, that position has been uniformly rejected, with courts holding that a properly invoked objection under *Touhy* bars disclosure of the protected documents in a criminal case. *See, e.g.*, *In re Gray*, 1998 WL 712663, at *1 (applying *Touhy* to request by criminal defendant for FBI files); *Smith*, 159 F.3d at 881.

Although Defendant Cisneros appears to challenge the authority cited by the FBI, he ultimately asks this Court to "sustain the government's position regarding the release of the

subpoenaed records in question." (Doc. 65 at 3.) He then seeks to have this Court enter an evidentiary sanction against the FBI in the state court proceedings by prohibiting the FBI agents from testifying at the state court trial (*id*.), which will be discussed further below. Thus, he does not seriously challenge the merits of the FBI's motion.

Defendant Rodarte's response questions the need for a protective order. (*See* Doc. 67 at 2 n.2.) The FBI requested such a protective order seeking the state court from releasing the file on its own initiative because the file is already in the state court's possession as a result of its *in camera* review. *See Smith*, 159 F.3d at 883 (granting protective order as well as motion to quash and vacate where documents at issue were in possession of state court from *in camera* review). Therefore, a protective order should be entered as well.

Thus, there is no real dispute that the FBI's motion should be granted. It is clear from the case law, and Defendants agree, that the state court lacks jurisdiction to release the confidential informant file over the FBI's objection. The FBI respectfully requests that its motion be granted.

**B.    This Court Has Jurisdiction to Determine Whether the Law Enforcement and Confidential Informant Privileges Prevent Disclosure of the Contents of the Confidential Informant File.**

The only remaining dispute is whether this Court's jurisdiction ends after the resolution of the *Touhy* issue. Defendants Rodarte and the Salazar brothers state that it does and argue that this Court may not comment on the other issues considered by the state court, such as whether disclosure is warranted under *Roviaro v. United States*, 353 U.S. 53 (1957), or whether privileges such as the confidential informant privilege invoked by the FBI in state court apply. (*See* Doc. 66 at 2-4; Doc. 67 at 2; Doc. 70 at 3-4.) Defendant Cisneros takes the opposite position and asks this Court to rule on those merits and enter an order prohibiting any FBI agents from testifying at the state court trial. Neither position at either end of the spectrum is founded. Rather, the case law makes clear that this Court does have jurisdiction to decide issues such the *Roviaro* balancing test and privileges. However, it is then up to the state court to determine how to proceed once this case is remanded and, thus, there is no grounds for entry of an order

prohibiting the FBI agents from testifying at the state trial.

Defendant Rodarte concedes that the state court cannot order the disclosure of the confidential informant file in light of *Touhy* and the principles of sovereign immunity. (Doc. 67 at 5-6.) However, he also argues that this Court is prohibited from reaching any of the other issues regarding the confidential informant file: "this Court may not make findings about the propriety of the application of any government privilege, the sufficiency of the state court judge's findings or conclusion, or the government's proposals to resolve the discovery dispute." (*Id*. at 2.) Similarly, Frankie Salazar's response states "this Court has no jurisdiction to rule on anything other than the jurisdiction of the state court to enforce its order on a federal agency." (Doc. 66 at 2.) Jose Salazar argues that "this Court does not have the jurisdiction to order disclosure of the file nor does it have the jurisdiction to consider the merits of the state court's *Roviaro* analysis." (Doc. 70 at 4.)

On the other hand, without even addressing the merits of the *Roviaro* balancing test, Defendant Cisneros argues that this Court should impose an evidentiary sanction on the FBI, "ordering any and all federal agents subpoenaed to testify in the underlying state court proceedings to not so testify." (Doc. 65 at 3.) In essence, Defendant Cisneros' response concedes what has been apparent in the state court proceedings all along--Defendants do not have a colorable claim to the file itself; rather, they want an evidentiary sanction, which would eventually lead to the dismissal of all charges against them.

All of the Defendants have read too much into the applicable case law. With respect to Defendant Rodarte's and the Salazar brothers' arguments, there is no jurisdictional bar to this Court resolving the *Roviaro* balancing test or the privilege issues. In *Cromer v. Smith*, both the district court and the court of appeals engaged in a *Roviaro* analysis and the Fourth Circuit determined, as is the case here, that the defendant had not shown any need for the documents at issue "sufficient to overcome the government's interest in protecting its confidential law enforcement investigations." 159 F.3d at 882-83. After the Fourth Circuit engaged in an

4

analysis under *Roviaro* regarding the confidential informant file, it also found that the defendant's Sixth Amendment right to compulsory process would not be violated by quashing the subpoenas issued to Department of Justice officials. *Id*. Similarly, the Eleventh Circuit, in deciding a case procedurally similar to this one, addressed *Roviaro* issues on removal. *Florida v. Cohen*, 887 F.2d 1451, 1455 (11th Cir. 1989) (remanding case to federal district court for further consideration of *Roviaro* issues given developments that occurred during appeal). Thus, this Court may engage in a *Roviaro* analysis.

*In re Gray* does not compel a contrary result. In that case, the Tenth Circuit declined to address whether the quashing of a subpoena would "compromise" the defendant's constitutional rights, finding that the issue was "not ripe for adjudication because he has other remedies available," which "may include the dismissal of the charges or other ameliorative action by the state court, or an action in federal court pursuant to the Administrative Procedure Act." 1998 WL 712663, at *1. There is no indication that the FBI raised any privileges in that case, nor does it appear that any *Roviaro* issues were raised; instead, it seems that the FBI's refusal to comply with the subpoena was based solely on *Touhy*. *See id*. Here, the issue is not what the state court should do on remand after this Court rules whether the file should be released, but rather whether Defendants have established any entitlement to the file in the first place, an issue which none of the Defendants has addressed.

Similarly, Defendant Cisneros has cited no authority in support of his request that this Court prohibit any FBI agents from testifying at the state trial. Even if it were appropriate for this Court to direct the state court to apply an evidentiary sanction (which the FBI contends it is not), Defendant Cisneros has made no showing that any sanction at all is warranted. He has not even begun to address the factors under *Roviaro*. He has not shown that the public interest favors public disclosure or that the public interest is outweighed by the Defendants' rights to prepare their defense. He has not even suggested, much less met his burden of showing, a sufficient need for the file. In state court, Defendants provided the state court with nothing more

than hypothetical arguments from counsel that the file might possibly contain exculpatory information or information about which they may conceivably cross-examine law enforcement witnesses.  Here, Defendant Cisneros has provided nothing at all.

Whether any "sanction" is appropriate here (which the FBI contends it is not) and, if so, the type of sanction to be entered in the state court should be left to the state court judge's discretion.  As Defendant Rodarte has argued, and as the Tenth Circuit explained in *In re Gray*, Defendants may seek other remedies after remand.  (*See* Doc. 67 at 6.)

Moreover, such a sanction would be particularly inappropriate here because, after this case was removed, the state court provided the FBI with a copy of the documents it had intended to produce from the confidential informant file.  The FBI has since prepared a redacted form of those documents.  The redactions are very limited; they involve the redaction of symbol numbers that identify sources and of information (such as names, positions, and place of employment) that would identify targets and their family members.  The FBI remains willing to provide these redacted documents to the state court upon remand for an *in camera* review (and similarly is willing to provide a copy to this Court for an *in camera* review if this Court so desires).  Further, all documents from the file relating to the incident at issue in this case have already been released.  Under these circumstances, there simply can be no showing of "need" for the Defendants, under the Constitution or Colorado Rule 16, to obtain the source symbols and the names and other identifying information for targets from an ongoing investigation.

Notably, Defendants have not demonstrated (or even argued) that they have a need at all for the file at issue in order to present their defense at trial.  Instead, they seem to hope for, as Defendant Cisneros has expressly requested, an adverse sanction against the FBI in the state court trial.

Finally, it is important to consider that other less intrusive remedies remain available to Defendants.  Defendants can bring an action under the Administrative Procedure Act, which, despite the fact that Defendants have been on notice for several months that the FBI was not

going to turn over the confidential informant file in its entirety, none of the Defendants has pursued. The FBI has offered other alternatives, such as (1) the state court could hold a hearing and determine whether to produce only the portions of the file that potentially met the *Rovario* test for disclosure, (2) the state court could allow the FBI to set forth specific objections to the documents it intends to produce prior to the release of any such information, (3) the state court could provide the FBI's redacted version of the file, which has very limited redactions, which the FBI will submit to the state court after remand (or at an earlier time if this Court believes such an approach is appropriate), and (4) to the extent that Mr. Rodarte believes there are specific facts in the file he needs for his defense, he could propose a stipulation regarding those facts or submit those facts to the FBI, who could then confirm or deny in writing if the information is found in the file. Although the FBI presented these alternatives to the state court, the state court declined to adopt any of them without an explanation. Under these circumstances, there is no basis for this Court to order that FBI agents may not testify at trial.

In sum, Defendants do not dispute that the El Paso County District Court lacked jurisdiction to enter the order at issue. Nor do they dispute that the order violates sovereign immunity. This Court does have jurisdiction to consider the *Roviaro* analysis and privilege issues if it chooses to do so. The FBI's motion should be granted.

## CONCLUSION

The FBI respectfully requests that this Court vacate the state court's order, quash the subpoenas, and enter a protective order prohibiting the dissemination of the confidential informant file. Thereafter, the Court should remand the case back to the El Paso County District Court for further proceedings in that court.

DATED this 3rd day of March, 2010.      Respectfully submitted,

                                                            DAVID M. GAOUETTE
                                                            United States Attorney

                                                            <u>s/ Amy L. Padden</u>
                                                           Amy L. Padden
                                                           Assistant United States Attorney
                                                           1225 Seventeenth Street, Suite 700
                                                           Denver, Colorado  80202
                                                           Telephone:  (303) 454-0100
                                                           amy.padden@usdoj.gov

                                                           Attorneys for the FBI

**CERTIFICATE OF SERVICE**

   I hereby certify that on March 3, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system

Counsel for Defendants:

*For James Cisneros*:

Rick Levinson
whale@kauflev.com

Shimon Kohn
skohn@kohndefense.com

*For Robert Rodarte*:

Warren Richard Williamson
Rick_Williamson@fd.org

Eric S. Anaya
anaya@springscriminallaw.com

Cynthia Ann McKedy
mckedy@springscriminallaw.com

*For Frankie Salazar:*

Patricia Behan
patricia.behan@coloradodefenders.us

Steven K. Jacobson
steve@collinsrafik.com

*For Jose Salazar:*

John F. Sullivan
jfslaw1@aol.com

                s/ Amy L. Padden
                Amy L. Padden