IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Case No. 09-cv-02912-PAB-MEH

PEOPLE OF THE STATE OF COLORADO,

    Plaintiff,

v.

ROBERT RODARTE,
FRANKIE SALAZAR,
JOSE SALAZAR, and
JAMES CISNEROS,

    Defendants.

---

# ORDER

---

This matter is before the Court on the motion to vacate, to quash, and for a protective order [Docket No. 41] of the Federal Bureau of Investigation ("FBI") and FBI Special Agent Robert Goffi and the motion to dismiss of defendant Robert Rodarte [Docket No. 34]. The motions are fully briefed and ripe for disposition.

## I. BACKGROUND

Defendants are being criminally prosecuted by the District Attorney's Office in El Paso County, Colorado. At the time of the alleged criminal activities, defendant Rodarte was working as a confidential informant for the FBI as part of a larger interstate gang investigation. Defendant James Cisneros served a subpoena on Special Agent Robert Goffi in the state criminal proceedings, seeking the FBI's confidential informant file on Mr. Rodarte and any other information about Mr. Rodarte in the FBI's

possession. The FBI is not a party to the state prosecution. In response, the FBI released certain documents it deemed relevant to the state criminal proceedings and then moved to quash the subpoena to the extent it requested any other information. The other defendants, including Mr. Rodarte, then served similar subpoenas on Special Agent Goffi, who is not a Department of Justice official authorized to release such information under 28 C.F.R. §§ 16.21-16.29.

The state court ordered the FBI to disclose additional portions of the confidential informant file, to which the FBI agreed. Thereafter, the state court held a hearing on November 24, 2009, during which it ordered that the entire confidential informant file be produced to all defendants, subject to two limited exceptions. The FBI filed a motion to reconsider this order on December 2, 2009, which the state court denied on December 8, 2009. *See* St. Ct. Order Denying Mot. for Recons., Ex. D to Notice of Removal [Docket No. 1]. The state court did grant the FBI's request for a stay to permit the FBI to remove the subpoena enforcement issue to this Court, which the FBI did on December 11, 2009 pursuant to 28 U.S.C. § 1442(a).

## II. DISCUSSION

Section 1442(a)(1) of Title 28 of the United States Code provides that a "criminal prosecution commenced in a State court against . . . the following may be removed by them" to federal court: "The United States or any agency thereof or any officer . . . of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue." Although the state court criminal proceeding is not "against"

the FBI, the Court has removal jurisdiction over the limited issue of whether the state court is empowered to enforce a subpoena enforcement order against Special Agent Goffi pursuant to 28 U.S.C. § 1442(a)(1), a fact which none of the parties here denies. *See Pollock v. Barbosa Group, Inc.*, 478 F. Supp. 2d 410, 412 (W.D.N.Y. 2007) ("Section 1442(a)(1) confers removal jurisdiction over a proceeding to enforce a subpoena issued by a state court where removal is 'predicated on the allegation of a colorable federal defense.'") (quoting *Mesa v. California*, 489 U.S. 121, 129 (1989)); *see also Brown & Williamson Tobacco Corp. v. Williams*, 62 F.3d 408, 414 (D.C. Cir. 1995) (finding that § 1442(a)(1) provided the court with removal jurisdiction over a state court subpoena enforcement proceeding against a federal officer); 16 James Wm. Moore et al., Moore's Federal Practice § 107.15[1][b][iii] (3d ed. 2010) ("Reasoning that federal agencies and officers may remove actions that interfere with the performance of their duties, [the *Brown & Williamson* court] held that federal agencies or officers may remove a case based on the mere service of a subpoena.").

As defendant Rodarte correctly points out, the "only issue presented by this removal action is whether this Court, based on derivative jurisdiction, can compel the F.B.I. to disclose the information sought by the defendants' subpoenas." Def. Rodarte's Response [Docket No. 67] at 7. The FBI and Special Agent Goffi argue that the Court cannot compel such disclosure. Three of the four defendants agree. *See id.* ("Neither the state court nor this Court has jurisdiction to compel the federal officers to act against their will.");[1] Def. F. Salazar's Response [Docket No. 66] at 5 ("Because the

---

[1] Defendant Rodarte has arguably taken inconsistent positions, asserting that the Court has no authority to compel the federal officers to act and adopting the position of

3

state trial court did not have jurisdiction to compel the FBI to release documents to the defense, Mr. Salazar believes this Court should issue an order prohibiting the dissemination of any such documents because the trial court lacked jurisdiction over the relevant federal agency and agency documents."); Def. J. Salazar's Response [Docket No. 70] at 4 ("[I]f the FBI maintains its objection, the subpoena should be quashed and the informant filed not released.").

The Court agrees that the state court had no authority to compel production of the FBI documents in question. *See In re Elko County Grand Jury*, 109 F.3d 554, 556 (9th Cir. 1997) ("[T]he state court lacked jurisdiction to subpoena [the federal official] and could not have issued a bench warrant had he refused to comply with the subpoena."). Special Agent Goffi cannot be required by the state court to release information in the absence of authorization from a superior. *See In re Gray*, No. 97-6385, 1998 WL 712663, at *1 (10th Cir. Oct. 13, 1998) (citing *United States ex rel. Touhy v. Ragen*, 340 U.S. 462, 467-70 (1951)); *Houston Business Journal v. Office of the Comptroller of the Currency*, 86 F.3d 1208, 1212 & n.4 (D.C. Cir. 1996) ("[A] court cannot enforce a subpoena against an employee of the federal governmental agency when the agency has validly enacted a regulation . . . that withdraws from employees the power to produce documents.") (citing *United States ex rel. Touhy v. Ragen*, 340 U.S. 462, 467-69 (1951)). No such authorization was given here.

---

defendant Cisneros [Docket No. 68], who has requested that the federal court either compel production or prevent the federal officers from testifying in the state court proceedings. *See* Def. Cisneros' Response [Docket No. 65] at 1. To the extent defendant Rodarte adopts that view of defendant Cisneros, his argument fails for the reasons discussed more fully below.

Defendant Cisneros argues that the "Supreme Court . . . has not ruled on the issue of whether or not the Touhy regulations are constitutional applications of the doctrine of sovereign immunity in the context of a criminal prosecution brought by the state but investigated by and controlled by the federal government." Def. Cisneros' Response at 2. He then claims that the government's invocation of its protections under the *Touhy* regulations cannot come at the expense of defendant Cisneros' proper exercise of his Fifth and Sixth Amendment rights. *Id.* Without alleging that the FBI investigated and controls the state prosecutions here, he therefore asks the Court to "prohibit any federal governmental agent from testifying or providing other assistance in [his] state court trial." *Id.* at 3. The Tenth Circuit, in an unpublished decision addressing this precise issue, did "not address the appellant's claims that his constitutional rights in the criminal proceedings will be compromised if we fail to enforce the subpoena." *In re Gray*, 1998 WL 712663, at *1. As the Court made clear, "[t]he constitutional claims are not ripe for adjudication because he has other remedies available. Those remedies may include dismissal of the charges or other ameliorative action by the state court, or an action in federal court pursuant to the Administrative Procedure Act." *Id.* The same is true here.[2] Defendants can make an Administrative

---

[2]The FBI, in its reply [Docket No. 71], argues that this Court can reach the merits of the state court's determination that disclosure was warranted under *Roviaro v. United States*, 353 U.S. 53 (1957). As the clear weight of authority now stands, the state court had no jurisdiction to conduct the *Roviaro* analysis. Moreover, even if the FBI is correct that the Court has "jurisdiction to consider the *Roviaro* analysis and privilege issues if it chooses to," the Court would choose not to engage in such analysis for the reasons stated in *In re Gray*, No. 97-6385, 1998 WL 712663, at *1 (10th Cir. Oct. 13, 1998).

Procedure Act request for the documents.[3] And to the extent defendant Cisneros seeks an order limiting testimony by the federal agents or imposing other ameliorative measures in the state court trial, the Court is aware of nothing preventing him from raising that argument directly to the state court judge overseeing those proceedings.

III. CONCLUSION

Accordingly, it is

**ORDERED** that the FBI's Motion to Vacate, to Quash, and for a Protective Order [Docket No. 41] is GRANTED in part and DENIED in part. It is further

**ORDERED** that the state court order of December 8, 2009 compelling disclosure is VACATED and the subpoenas served upon FBI Special Agent Goffi are QUASHED. That portion of the FBI's motion requesting this Court to enter a protective order is DENIED. That issue is left to the state court judge. It is further

**ORDERED** that defendant Rodarte's motion to dismiss [Docket No. 34] is DENIED.

---

[3] *See In re Elko County*, 109 F.3d at 557 n.1 ("The appropriate means for challenging the Department of Agriculture's decision under *Touhy* is an action under the Administrative Procedure Act in federal court."); *Houston Business Journal, Inc. v. Office of the Comptroller of Currency*, 86 F.3d 1208, 1212 (D.C. Cir. 1996) ("[A] state-court litigant must request the documents from the federal agency pursuant to the agency's regulations . . . . If the agency refuses to produce the requested documents, the sole remedy for the state-court litigant it to file a collateral action in federal court under the APA."); *Pollock*, 478 F. Supp. 2d at 413 -414 ("A party seeking release of records from a federal agency must comply with the agency's *Touhy* regulations by making a proper demand, exhausting any administrative remedies, and otherwise following the directives established by the agency. Once the requisite steps have been taken, and the agency issues its 'final' determination regarding the release of records, a dissatisfied party may seek redress by filing an action in federal court under the Administrative Procedure Act. . . to review the agency's decision.").

DATED March 9, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge